[Civ. No. 65585. Second Dist., Div. Five. Mar. 9, 1983.]

RICHARD KHOURY, SR., et al., Plaintiffs and Appellants, v.
COMPREHENSIVE HEALTH AGENCY, INC., Defendant and Respondent.

COUNSEL

Paul Gillette and Lee Potter for Plaintiffs and Appellants.

Spievak & Theep and James R. Spievak for Defendant and Respondent.

OPINION

**STEPHENS, Acting P. J.**—Plaintiffs and appellants, Richard Khoury, Sr., et al. (hereinafter plaintiffs), appeal from an order of dismissal entered pursuant

to Code of Civil Procedure section 583, subdivision (b). The question presented is whether plaintiffs provided sufficient evidence of impossibility, impracticability or futility of prosecuting their case so as to prevent dismissal for failure to bring the case to trial within five years.

The relevant facts are that in March of 1974, plaintiffs were the named insured as a family under a group health service benefits plan underwritten by defendant Blue Shield of California. This plan was offered to members of the National Association of Temporary and Technical Employees by defendant, respondent Comprehensive Health Agency, Inc. (hereinafter Comprehensive Health).

On October 30, 1975, plaintiffs filed a complaint against Blue Shield, National Association, and Comprehensive Health for declaratory relief, breach of contract, fraud, bad faith and intentional infliction of emotional distress. On December 8, 1975, defendant Blue Shield filed a petition for order to arbitrate. On January 23, 1976, plaintiffs filed a response in opposition. On January 27, 1976, Blue Shield's petition was granted.

On March 2, 1976, Comprehensive Health filed a petition for order to arbitrate as well as an answer to plaintiffs' complaint. On March 12, 1976, Comprehensive Health's petition was denied without prejudice.

On October 1, 1976, plaintiffs filed their first set of interrogatories to Comprehensive Health. On November 8, 1976, Comprehensive Health answered.[1]

On February 5, 1979, plaintiffs filed an at-issue-memorandum as to Comprehensive Health. On March 23, 1979, Comprehensive Health filed a substitution of attorney.

On June 5, 1981, Comprehensive Health filed a notice of motion to dismiss pursuant to Code of Civil Procedure section 583, subdivision (a), and/or subdivision (b). On June 24, 1981, the court denied Comprehensive Health's subdivision (a) motion, however granted the motion for dismissal pursuant to section 583, subdivision (b). The court concluded that pendency of arbitration does not toll the five-year period nor did arbitration constitute a trial within the meaning of section 583, subdivision (b). Plaintiffs thereafter instituted this appeal on August 12, 1981.

Plaintiffs' primary contention is that the case against Comprehensive Health was impossible or impracticable to bring to trial within the five-year period.

---

[1]Between March 17, 1977, and April 16, 1978, plaintiffs were involved in arbitration with defendant Blue Shield.

Plaintiffs also insist the court abused its discretion in finding that pendency of arbitration does not toll the five-year period nor constitute a trial within the meaning of section 583, subdivision (b).

■ Plaintiffs argue that it was futile or impractical to bring this action to trial between March 17, 1977, through April 16, 1978, for the reason that Blue Shield noticed a petition for an order to arbitrate this action and that during that period, there were 14 piecemeal arbitration hearings during which approximately 60 exhibits were received by the arbitrator, most of which would be required for the trial in the instant case. Therefore, plaintiffs argue that the one year and one month in arbitration with Blue Cross should have been excluded from calculating the five-year period with Comprehensive Health. Such an exclusion would have allowed plaintiffs to bring the action to trial by November 30, 1981.

Code of Civil Procedure section 583, subdivision (b), requires that a case be dismissed unless it is brought to trial within five years after the action is filed. (*Goers* v. *Superior Court* (1976) 57 Cal.App.3d 72, 74 [129 Cal.Rptr. 29].) Dismissal is mandatory unless either a statutory or implied exception is met. (*White* v. *Renck* (1980) 108 Cal.App.3d 835, 841 [166 Cal.Rptr. 701].) While those exceptions must be strictly construed (*Martin* v. *Cook* (1977) 68 Cal. App.3d 799, 807 [137 Cal.Rptr. 434]), an implied exception exists when the plaintiff is prevented by causes beyond his control from bringing his case to trial. In computing the five-year period, the time during which one is prevented is to be excluded, whether the handicap results from a lack of jurisdiction or because proceeding to trial would be both impracticable and futile. (*Anderson* v. *City of San Diego* (1953) 118 Cal.App.2d 726, 729 [258 P.2d 842].) We find no exception presented here that would warrant tolling the five-year statute of limitation.

In *Lockhart-Mummery* v. *Kaiser Foundation Hospitals* (1980) 103 Cal. App.3d 891, 896 [163 Cal.Rptr. 325], it was determined that an arbitration order did not toll the statute of limitations for purposes of section 583, subdivision (b). (See also *State of California* v. *Superior Court* (1979) 98 Cal.App.3d 643 [159 Cal.Rptr. 650].) First, we note the obvious. The arbitration procedure which plaintiffs argue made it impossible to proceed to trial against Comprehensive Health was between codefendant Blue Shield and not codefendant Comprehensive Health. Though witnesses and evidence may have been required for both actions, nothing would have precluded plaintiff from using copies of documents or witness depositions admitted in the arbitration against Blue Shield, in a trial against Comprehensive Health. (See Evid. Code, §§ 1500 et seq., 1291, 1292.) Additionally, though this arbitration proceeding continued for over 1 year, the 14 "piecemeal" hearings to which plaintiffs refer

took only 14 days.[2] Plaintiffs still had over two years in which to act, which does not lend credence to any argument that they acted with due diligence to further their case. (*Union Bond & Trust Co.* v. *M. & M. Woodworking Co.* (1960) 179 Cal.App.2d 673, 679 [3 Cal.Rptr. 920].) Plaintiffs could have also sought a stipulated extension.

In support of their position, plaintiffs cite *Brown* v. *Engstrom* (1979) 89 Cal. App.3d 513 [152 Cal.Rptr. 628], *Pacific Greyhound Lines* v. *Superior Court* (1946) 28 Cal.2d 61, 64-68 [168 P.2d 665], and California Rules of Court, rule 1601(d). Neither *Brown, Greyhound,* nor rule 1601(d), appears to significantly bolster plaintiff's position.

In *Brown, supra,* 89 Cal.App.3d 513, the plaintiff was in arbitration for nine months. There, relief was granted not because the arbitration proceeding itself tolled section 583, but because of the extraordinary circumstances of the arbitration administrator who failed to act reasonably in providing a list of prospective arbitrators. The *Brown* court found the actions of the administrator were out of the control of the plaintiff, thus creating what the court found to be an implied exception of impossibility. Furthermore, unlike the instant case, no time following conclusion of the arbitration process and before expiration of the five-year period existed where plaintiff could have furthered his case to trial. No similar reasoning is advanced by plaintiffs here.

In *Pacific Greyhound, supra,* 28 Cal.2d 61, the court referred to the military service of one of the defendants as being a question of fact for the trial court to determine in considering whether his lack of presence made it impracticable and futile for the case to proceed to trial. There, also, an oral stipulation was entered into which, while not tolling the statute of limitations for purposes of section 583, was material evidence lending credence to the issue of impossibility. The court could not conclusively say that, in that particular case, an entire absence of good grounds for an extension was shown.[3]

California Rules of Court, rule 1601(d), provides that "When . . . an action is placed or remains on the arbitration hearing list more than four years and six months after the date the action was filed, the time during which the action is pending on the arbitration hearing list shall not be included in computing the time period specified in section 583 of the Code of Civil Procedure." The action here was submitted to arbitration and concluded with an award well within

---

[2]We need not discuss the distinction of whether this arbitration was contractually or judicially required.

[3]Plaintiffs also support their argument of impossibility to go to trial on the fact that Comprehensive Health's attorney did not immediately notify them of their new address and firm name. The 10-day oversight in notifying plaintiffs does not seriously buttress plaintiffs' argument.

the four-year, six-month time limit proscribed by rule 1601(d). Plaintiffs have therefore failed to provide any substantial evidence of impossibility.

■ Finally, we address plaintiffs' alternative discussion that a trial did commence within five years of filing its action for purposes of section 583, subdivision (b). At the outset, we find this argument inconsistent with their previous argument. However, the argument proffered is that since the arbitration proceeding between plaintiffs and Blue Shield consisted of 14 hearings, approximately 60 documents received in evidence which would have been required in the trial with Comprehensive Health, identical witnesses to those who would testify at the trial of Comprehensive Health, and many identical issues, a partial trial began. This argument is wholly without merit since "an arbitration hearing conducted pursuant to the judicial arbitration rules for civil cases, does *not* constitute a trial within the meaning of . . . 583 subdivision (b) . . . ." (*Brown* v. *Engstrom, supra,* 89 Cal.App.3d at p. 520.)

The judgment is affirmed.

Ashby, J., and Hastings, J., concurred.