[No. E012476. Fourth Dist., Div. Two. June 4, 1996.]

JACK E. KELLEY, JR., et al., Plaintiffs and Appellants, v.
JEAN BREDELIS, Defendant and Respondent.

COUNSEL

Mannerino & Briguglio and Mitchell I. Roth for Plaintiffs and Appellants.

Donald F. Zimmer for Defendant and Respondent.

OPINION

HOLLENHORST, Acting P. J.—After an unfavorable award at a judicial arbitration, the plaintiffs, Jack E. Kelley, Jr., and Jeanette Bailey-Kelley, requested a trial de novo, but later voluntarily dismissed their action with prejudice. The trial court vacated the dismissal, reinstated the arbitration award, and entered judgment against the plaintiffs pursuant to that award. Concluding that the trial court's order is both appealable and correct, we affirm.

PROCEDURAL BACKGROUND AND FACTS

On March 14, 1990, plaintiffs, the daughter and son-in-law of defendant Jean Bredelis, filed suit against her for damages for breach of contract and specific performance of an alleged written lease and option contract concerning defendant's home. The lease contained the following attorney fee provision: "Should any litigation be commenced between the parties hereto concerning the demised premises, this lease, or the rights and duties of either in relation thereto, the party, Lessee or Lessor, prevailing in such litigation shall be entitled, in addition to such other relief as may be granted, to a reasonable sum as and for his attorney's fees in such litigation."

On August 29, 1990, defendant filed her verified answer to the complaint. In her answer, defendant alleged that the contract had been modified prior to execution to eliminate the option to purchase and to substitute a provision enabling defendant to elect not to sell the property. However, if defendant failed to sell the property, she had an obligation to return 10 percent of the rent paid under the lease.

The case was assigned to judicial arbitration by mutual agreement of the parties. The arbitration hearing was scheduled for March 5, 1991. Both parties and their counsel participated in the arbitration. Plaintiffs' position in the arbitration was that the lease was valid and that the purchase option had been timely exercised. Defendant contended that the lease did not contain a valid option to purchase, and that she therefore had no obligation to sell the property to plaintiffs. On March 7, 1991, the arbitrator issued his award in favor of defendant, awarding her attorney fees and costs, except for an offset of $2,400 in favor of plaintiffs, representing a return of the rent which was due by virtue of defendant's election not to proceed with the sale of the subject property.

On March 13, 1991, plaintiffs filed and served their request for trial de novo pursuant to Code of Civil Procedure section 1141.20[1] and California Rules of Court, rule 1616(a).[2] Plaintiffs then filed an at-issue memorandum and trial was initially set for November 4, 1991. The trial date was continued to February 4, 1992. Pursuant to stipulation of both parties and their counsel, the trial was again continued to May 26, 1992. However, on May 11, 1992, approximately two weeks before the trial date, plaintiffs filed a request for dismissal with prejudice.

Thereafter, defendant filed a memorandum of costs, motion for attorney fees, and motion for an order vacating the plaintiffs' request for trial de novo and entering judgment on the arbitration award. The trial court granted defendant's motions, entered judgment on the arbitration award, and subsequently set the amount of attorney fees recoverable by defendant at $21,500. Plaintiffs appeal from that judgment.

## Is the Judgment Appealable?

■ Defendant contends that this appeal should be dismissed because it has been taken from a nonappealable judgment.

If no party requests a trial de novo within 30 days of the filing of the award by the arbitrator, the clerk of the court "shall enter the award as a

---

[1]All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

[2]All references to rules are to the California Rules of Court.

judgment forthwith . . . ." (Rule 1615(c); and see § 1141.23.) "The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, *except that it is not subject to appeal* . . . ." (Rule 1615(c); accord, § 1141.23, italics added.)

Here, the arbitrator specifically determined that the defendant should recover her attorney fees as the prevailing party, but did not determine the amount of those fees. The plaintiffs, however, do not contest the reasonableness of the fees awarded. Instead, they contend that the defendant is not statutorily entitled to recover attorney fees in any amount.

In *Dickens* v. *Lee* (1991) 230 Cal.App.3d 985 [281 Cal.Rptr. 783], the court held that "where a judicial arbitrator awarded a specific amount of attorney fees but unspecified costs, a judgment on the award was appealable as to the costs but not as to the attorney fees, which could be challenged only by request for trial de novo." (*Id.*, at p. 986.) In that case, as in this, the tenants challenged the award of attorney fees. The court held that those issues were not properly before the court because they were nonappealable. (*Id.*, at p. 987.) "The only exception [to the rule of nonappealability] is where the arbitrator's award does not specify the amount of recoverable costs. In such a case there can be no request for a trial de novo as to costs, since the court determines costs in the first instance, and thus the portion of the court's judgment awarding costs must be appealable, because otherwise there would be no opportunity for appellate review." (*Ibid.*) In other words, the award of the arbitrator was nonappealable, but the subsequent award of costs by the trial court was appealable. We are thus confined to a review of the actions of the trial court.

Since the trial court granted defendant's motion for entry of judgment on the arbitration award and set the amount of the attorney fees awarded by the arbitrator, we consider whether the trial court erred in doing so.

### Did the Trial Court Err in Granting Defendant's Motion to Vacate Plaintiffs' Request for Trial De Novo?

Following plaintiffs' request for dismissal, defendant moved to vacate plaintiffs' request for trial de novo, to enter judgment on the arbitration award, and to set the amount of her attorney fees. In support of her motions, defendant argued that as the prevailing party on the arbitration award she was entitled to her attorney fees. Citing *Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334 [189 Cal.Rptr. 450], she contended

that plaintiffs' voluntary dismissal of their action following their request for trial de novo amounted to a repudiation of their previous election for trial de novo. The trial court agreed and so do we.

In *Herbert Hawkins*, plaintiffs requested a trial de novo after receiving a judicial arbitration award in favor of defendants. Plaintiffs then voluntarily dismissed their breach of contract action without prejudice. Defendants moved for an order of dismissal with prejudice and awarding costs. The trial court denied defendants' motion and the appellate court reversed. The sole issue before the appellate court was whether plaintiffs were "entitled to voluntarily dismiss their breach of contract action *without* prejudice after having requested a trial de novo following a judicial arbitration award favoring defendants." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 336.) In deciding this issue, the court began with an examination of the statutory provisions governing dismissals and judicial arbitration.

In response to the demand for efficient resolution of small civil claims, the Legislature enacted the Judicial Arbitration Act (see ch. 2.5, §§ 1141.10, 1141.20 added by Stats. 1975, ch. 1006, § 1, p. 2364) and "expressly declared arbitration hearings be simple, economical, informal and private in procedural character to insure prompt and equitable dispute resolution." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 338; § 1141.10, subd. (b)(1) and (2).) Acknowledging that article I, section 16 of the California Constitution gives every party the right to trial by jury, the Legislature also provided the means by which a party, dissatisfied with the arbitration award, could elect to have a trial de novo. (§ 1141.20; rules 1615(c) and 1616(a).) However, absent a request, the arbitration award is final. (§ 1141.20.)

Co-existent with the statutes providing for judicial arbitrations is section 581, which allows a plaintiff to dismiss his case at any time before the actual commencement of the trial. As the court noted, this right to voluntary dismissal appears to be absolute. However, recognizing its "statutory duty to construe each provision of the Code of Civil Procedure liberally and with a view to effect its objects and promote justice. [Citation.]" (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 579 [139 Cal.Rptr. 97, 565 P.2d 122], overruled on other grounds *Ochoa* v. *Superior Court* (1985) 39 Cal.3d 159, 171 [216 Cal.Rptr. 661, 703 P.2d 1]), the court found that "permitting [plaintiffs] to voluntarily dismiss without prejudice defeats the express legislative purpose of 'expediting and removing complexities from the judicial process relating to small civil claims . . . .' [Citation.] Such a construction of the interrelationship of the relevant statutes produces absurd consequences and promotes

mischievous lawyering. [¶] No party has the right to avoid the judicial arbitration award at their whim, and the party requesting a trial de novo may either proceed with a trial de novo or allow the award to be entered as a judgment, challengeable as provided by section 1286.2 or Judicial Council rules. (§ 1141.32)" (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 339-340, fn. omitted.)

Consistent with the holding in *Herbert Hawkins*, the Supreme Court stated that "once a general demurrer is sustained with leave to amend and plaintiff does not so amend within the time authorized by the court or otherwise extended by stipulation or appropriate order, he can no longer voluntarily dismiss his action pursuant to section 581, subdivision 1, even if the trial court has yet to enter a judgment of dismissal on the sustained demurrer." (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789 [176 Cal.Rptr. 104, 632 P.2d 217]; see also *Goldtree* v. *Spreckels* (1902) 135 Cal. 666, 672-673 [67 P. 1091].)

Turning to the instant case, we know that plaintiffs had their day in court as a result of having participated in a judicial arbitration. However, the arbitration award was favorable to defendant. Thus, plaintiffs filed a request for trial de novo. In effect, plaintiffs sought a second day in court. Just two weeks prior to trial, after all parties had completed the necessary preparation for trial, plaintiffs decided to dismiss their action with prejudice. The result of such action would be the avoidance of paying attorney fees to the prevailing party, namely, defendant. However, applying the reasoning set forth in the *Herbert Hawkins* case, we, like the trial court, find that plaintiffs did not have the absolute right to dismiss their case. Instead, plaintiffs' request for dismissal resulted in a repudiation of their request for trial de novo and a reinstatement of the arbitration award. Such a reconciliation of the competing interests between the voluntary dismissal statute and the judicial arbitration statutes promotes "a wise policy rather than mischief or absurdity." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 338.) To allow otherwise neither makes good sense nor good law.

Thus, we conclude that the trial court was correct in vacating the request for trial de novo and entering judgment on the arbitration award. In reaching such conclusion, we have not broadly interpreted the holding in *Herbert Hawkins*. Although this case involves a dismissal *with* prejudice while *Herbert Hawkins* involved a dismissal *without* prejudice, we find no significant reason to treat the two types of dismissal differently under the facts of this case.

First, we note that California public policy strongly favors arbitration. (§§ 1141.10-1141.32, 1280-1294.2) "In the Report and Recommendation on

Effectiveness of Judicial Arbitration, adopted November 19, 1983, the Judicial Council of California concluded that the judicial arbitration program has emerged as an essential calendar management tool for the courts, permitting the disposition of civil active cases, including those not ordered to arbitration, to occur on the whole more quickly and economically, while providing litigants in smaller civil cases with a desirable alternative to conventional litigation." (Robinson, Practicing Cal. Judicial Arbitration (Cont.Ed.Bar Supp. 1995) § 1.1, p. 1.) With these thoughts in mind, "[t]here is no reason a dissatisfied party should be able to render the entire arbitration proceeding a judicial nullity by the simple procedural tactic of requesting a trial de novo and then dismissing that request." (*Calderon* v. *Kane* (1995) 36 Cal.App.4th 1663, 1667 [43 Cal.Rptr.2d 480].) Regardless of the type of dismissal, with or without prejudice, that is precisely what plaintiffs have attempted to do in this case.

Second, while we recognize that a dismissal *without* prejudice could result in the filing of a new action, we note that such repetitious litigation is only possible if the statute of limitations has not run. However, more important than the type of dismissal is the fact that the plaintiffs are dismissing the case after having requested a trial de novo following a judicial arbitration award favoring defendants. To allow such absolute right merely because plaintiffs have entitled the dismissal as *with* prejudice results in an unreasonable reconciliation of the judicial arbitration and dismissal statutes, and shows a lack of common sense.

Furthermore, it makes no difference that this case involves a dismissal following an arbitration as opposed to one following a trial because we find the two to be equal in their results.

Absent a request for a trial de novo, the clerk of the court "shall enter the award as a judgment forthwith . . . ." (Rule 1615(c); and § 1141.23.) "The judgment so entered shall have the same force and effect in all respects as, and is subject to all provisions of law relating to, a judgment in civil action or proceeding, except that it is not subject to appeal . . . ." (Rule 1615(c); § 1141.23.) Moreover, a party is not entitled to more than one section 170.6 peremptory challenge in a case. If the section 170.6 challenge is exercised against the arbitrator, it cannot be used later against a judge. (*Matthews* v. *Superior Court* (1995) 36 Cal.App.4th 592 [42 Cal.Rptr.2d 521].)

Based upon the above authorities, an arbitration is viewed as a trial on the merits. Again, absent a request for a trial de novo, the award becomes a final judgment. In fact the only way to stop an arbitration award from becoming a final judgment is to either settle the case, or go through a trial de novo. If a party fails to do either, then he or she has had his or her day in court.

Accordingly, we find the trial court's application of the holding in *Herbert Hawkins* to this case to be correct.

The dissent disagrees. To begin with, the dissent states that "[t]he decision to award [attorney] fees in this procedural circumstance requires the balancing of competing public policy interests. On the one hand, public policy favors the voluntary resolution of disputes. On the other, it also favors the enforcement of attorney fee clauses in agreements. [¶] Our Supreme Court has decided that when these policy interests conflict, the balance must be resolved in favor of voluntary dispute resolution and against the recovery of attorney fees." (Dis. opn., *post*, at p. 1834.) In support of this statement, the dissent refers to the case of *International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 224-225 [145 Cal.Rptr. 691, 577 P.2d 1031]. However, that case is factually and legally distinguishable. Factually, *Olen* is distinguishable because, in that case, the complaint was dismissed without prejudice within four months of filing, i.e., before any discovery had been conducted and before there had been a determination of the action on its merits. That is not the case here. Here, there was a determination of the action on its merits by the arbitrator and there was a final determination in which defendant was adjudged to be the prevailing party and was adjudged to be entitled to her attorney fees. The only action left for the trial court, and the only proper subject of this appeal, is the propriety of the trial court's actions and specifically, whether the plaintiffs' tactic of filing a dismissal would be effective to avoid an award of attorney fees.

Legally, we find no support for the argument that *Olen* established a rule barring recovery of attorney fees whenever there is a voluntary dismissal. *Olen* acknowledges that, unlike Civil Code section 1717, section 1032 expressly defines a prevailing party as including a defendant who is dismissed voluntarily before trial. As explained below, the award of attorney fees here under Civil Code section 1717 was proper, but, even if it was not, attorney fees were properly awarded under sections 1032 and 1033.5. *Olen* has been largely superseded by subsequent legislative developments, including the enactment of sections 1032 and 1033.5. (*Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421, 428-429 [43 Cal.Rptr.2d 595].)

It is reading *Olen* far too broadly to suggest that it means that attorney fees authorized by contract may never be awarded in the event of a voluntary dismissal after arbitration but before trial de novo. "Read *in context*, it is apparent *Olen* was not making any broad pronouncement about the effect of section 1717 on the private contractual relations of consenting parties. . . . [¶] . . . [¶] . . . The *Olen* holding, as we have just explained at length, is limited to defendants relying on section 1717 to enforce a claim for attorney

fees (whether or not contractually based). Thus, this is *all* the limitation in subdivision (b)(2) embraces. The statute does not purport to apply to *any* claim for contractual fees. To reiterate, the statute itself explicitly states there are no prevailing parties after a pretrial dismissal 'for purposes of *this* section.' (Italics added.)" (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 427-428.)

In *Honey Baked Hams,* plaintiff dismissed an unlawful detainer action. Defendant was entitled to attorney fees under the terms of the lease. Plaintiff argued that its obligation was excused by Civil Code section 1717, subdivision (b)(2). Relying on *Olen,* it argued that the subdivision superseded negotiated contract provisions. The court disagreed, finding a right to attorney fees under the broader provisions of section 1033.5. The court explained why subdivision (b)(2) and *Olen* are limited to the situation in which the defendant must rely on Civil Code section 1717 because the contract has a nonreciprocal attorney fee provision in favor of the other party. Neither applies to a contract that involves a reciprocal attorney fee provision, such as the provision here. (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 427-428.) Finally, the court discusses section 1033.5 and concludes that ". . . unlike in *Olen,* a defendant now has a procedural vehicle other than section 1717 to recover contractual fees as costs following a plaintiff's pretrial dismissal." (*Honey Baked Hams, Inc., supra,* at p. 429.) As discussed below, the dissent ignores the case and the alternative procedural vehicle of section 1033.5.

Second, the dissent attempts to distinguish *Herbert Hawkins* by emphasizing that the dismissal in that case was without prejudice, while the dismissal here was with prejudice. In our view, the dissent profoundly misinterprets that case. To begin with, the dissent incorrectly urges that the rule in *Herbert Hawkins,* which allows for the invalidation of a dismissal following a request for a trial de novo after an unfavorable arbitration award, requires the trial court to conduct a hearing to make a factual determination of the subjective intent of the dismissing plaintiff to determine entitlement to attorney fees. Not so. Instead, it is the party's act of dismissing his or her action which results in such determination. This is so because there has already been a determination of the case on its merits (the arbitration award) which includes a determination of the prevailing party. Thus, once the party dismisses his or her action, the trial court need only reinstate the arbitration award, enter judgment thereon, and determine a reasonable amount of attorney fees.

To the extent that the dissent attempts to confuse the process which the trial court need follow by injecting the need for an "inquiry" into the

determination of a plaintiff's subjective reason for requesting dismissal, it misunderstands the point of *Herbert Hawkins*. No inquiry is necessary because the trial court is merely entering judgment on the arbitration award. This action does not "involve a time-consuming and wasteful expenditure of resources to inquire into issues which are not raised by any pending action." (Dis. opn., *post*, at pp. 1840-1841.)[3]

Nonetheless, the dissent contends that to the extent that the *Herbert Hawkins*'s court sought to justify its rule with the need to discourage "mischievous lawyering" wherein the judicial arbitration system is abused, the better approach would be to issue sanctions under section 128.5 instead of awarding attorney fees under Civil Code section 1717. The dissent insists that an award of attorney fees is too severe. Again, the dissent fails to follow the rule in *Herbert Hawkins*. ■ An award of attorney fees is not a sanction for a party's dismissal of his or her action because the award is only available if there has been a determination of the case on its merits wherein one party has prevailed. Moreover, the dissent's suggestion that the trial court entertain an award of sanctions under section 128.5 in cases like this conflicts with its concern that the trial court should not engage in "a time-consuming and wasteful expenditure of resources to inquire into issues which are not raised by any pending action." (Dis. opn., *post*, at pp. 1840-1841.) Furthermore, if we accept the dissent's suggestion that the more appropriate remedy would be sanctions under section 128.5 or an action for malicious prosecution, then we have not in fact discouraged the waste of judicial resources caused by repetitious litigation. In any event, as discussed below, defendant did seek an award of attorney fees under section 128.5.

Furthermore, the dissent suggests that we, like the *Herbert Hawkins*'s court, have failed to take into account the policies which favor the right of a plaintiff to dismiss or otherwise settle an action without becoming liable for

---

[3]The dissent's suggestion that we have divorced the holding in *Herbert Hawkins* from the facts of the case demonstrates its misunderstanding of the primary issue raised in *Herbert Hawkins*, namely, the right "to voluntarily dismiss [an] action . . . after having requested a trial de novo following a judicial arbitration award favoring defendants . . . ." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser*, *supra*, 140 Cal.App.3d 334, 336.) Instead, in referencing the court's decision not to allow plaintiffs to dismiss their action following an unfavorable judicial arbitration award, the dissent focuses on the words "merely to avoid" an unfavorable arbitration award. Referencing such words, the dissent contends that the *Herbert Hawkins*'s court only reached the conclusion it reached because plaintiffs' dismissal was clearly a sham. Thus, application of the *Herbert Hawkins*'s rule "depends upon a finding of a similar improper intent." (Dis. opn., *post*, at p. 1840, fn. 6.) We disagree.

Every voluntary dismissal of an action after having requested a trial de novo following a judicial arbitration award favoring defendants results in an avoidance of an unfavorable arbitration award. Thus, it would be near impossible to draw a line between what would should be considered a proper intent to dismiss versus what should be considered an improper intent to dismiss. The *Herbert Hawkins*'s court did not do so, and nor do we. We merely look to the procedural facts and apply the law.

attorney fees incurred by the other side. Yet again, the dissent fails to understand both *Herbert Hawkins* and our opinion. As we have stated above, we agree that a party generally has the right to dismiss an action without becoming liable for attorney fees. However, if the party chooses to wait until after there has been a determination of the issues on the merits, then the party has forfeited his or her unlimited right to dismiss without consequences. For example, Civil Code section 1717 is triggered when there is a determination of the case on its merits and a prevailing party. Once that section is triggered, a party has lost his or her right to dismiss the action without becoming liable for the other side's attorney fees.

In its closing comments, the dissent asserts that even if the *Herbert Hawkins*'s rule should be applied to dismissals *with* prejudice, it has no application here because the dismissal by plaintiffs was not solely to avoid liability for attorney fees, but to end a family conflict. Regardless of the reason behind the plaintiffs' dismissal, the fact remains that the dismissal follows a determination of the case on its merits. We do not look to the subjective reasons for the actions of the parties. Instead, we look to the timing of the dismissal. In fact, the subjective reasons are only important if the court is considering issuing sanctions under section 128.5. However, the court here did not award sanctions under section 128.5.

### WAS THE AWARD OF ATTORNEY FEES PURSUANT TO CIVIL CODE SECTION 1717 PROPER?

Civil Code section 1717, subdivision (a), provides, in relevant part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." Pursuant to the arbitration award, defendant was the prevailing party. Having found that the judgment was properly entered on such award, we also find that the award of attorney fees pursuant to Civil Code section 1717 was proper.

The dissent concedes that the arbitrator and the trial court awarded attorney fees under Civil Code section 1717, that plaintiffs' dismissal of the action was voluntary, and that plaintiffs had the right to dismiss the action with or without prejudice. We agree, but find that a dismissal filed after an arbitration award carries with it the consequence of paying previously awarded attorney fees.

The dissent states: "Since Civil Code section 1717 prohibits an award of fees in the event of a voluntary dismissal, no fees are recoverable by the

defendant." (Dis. opn., *post*, at p. 1835.) The reference is to Civil Code section 1717, subdivision (b)(2): "Where an action has been voluntarily dismissed . . . there shall be no prevailing party [on the contract] for purposes of this section."

The dissent fails to recognize that there has been no dismissal here because the dismissal that was filed was set aside by the trial court. The effect of filing the request for dismissal was to notify the court that the plaintiffs were repudiating the previous election for a trial de novo: "When parties withdraw requests for a trial de novo or voluntarily dismiss their complaints, they repudiate their previous election for a trial de novo. This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20." (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra*, 140 Cal.App.3d 334, 340.) There is no sound distinction between dismissals with prejudice and dismissals without prejudice because in both cases the dismissing party is merely indicating its desire to proceed no further. Accordingly, the proper response of the trial court was to vacate the dismissal and the request for a trial de novo and enter judgment on the arbitration award. Since the dismissal and the request for a trial de novo were vacated, Civil Code section 1717, subdivision (b)(2) is not applicable, i.e., there was no longer a voluntary dismissal. Accordingly, the trial court properly entered judgment on the arbitrator's award, including the arbitrator's award of attorney fees, and set the amount of the fees.

In other words, there was a valid judgment on the arbitration award, with a valid award of attorney fees to the party who clearly prevailed in the arbitration.

As discussed above, the substance of the arbitration award, including the award of attorney fees pursuant to Civil Code section 1717, is not appealable. (§ 1141.23.) The dissent thus errs in seeking to reverse the portion of the arbitration award that awards attorney fees pursuant to Civil Code section 1717. If plaintiffs disagreed with the award of attorney fees by the arbitrator, their only remedy was a trial de novo. (*Dickens* v. *Lee, supra*, 230 Cal.App.3d 985.)

Even if the substance of the arbitrator's award was properly before us, we would find that it was properly made under Civil Code section 1717 because the contract provided that the prevailing party should receive attorney fees, and defendant was clearly the prevailing party. Thus, at the time of the award, it was proper because no dismissal request had been filed.

In addition, even if the award of attorney fees was not properly awarded under Civil Code section 1717, a defendant in whose favor a dismissal is

entered is entitled to attorney fees as costs pursuant to sections 1033.5, subdivision (a)(10)(A) and 1032, subdivisions (a)(4) and (b), when a contract specifies that the prevailing party recovers attorney fees. (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 428-429.) A party in tort litigation whose claim to attorney fees is *authorized* by a contract derives such right from the broad freedom-of-contract provision contained in section 1021 rather than the limited reciprocal-attorney-fees-in-contract-litigation provisions of section 1717. Under section 1032, subdivision (a)(4), a prevailing party includes a defendant in whose favor a dismissal was entered prior to trial. Since defendant was such a prevailing party, the arbitrator's award of attorney fees was proper under sections 1032 and 1033.5, even in light of the subsequent dismissal. Thus, "[u]nlike the situation at the time of *Olen,* a defendant seeking to recover contractual fees after a plaintiff's pretrial dismissal is no longer procedurally barred." (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 428.)

The dissent sanctions the tactic of filing a dismissal request to avoid attorney fees properly awarded in the arbitration. However, the subsequent filing of a dismissal request indicated only plaintiffs' desire not to proceed with a trial de novo. Like the dismissal request in *Herbert Hawkins,* the request here was an apparent attempt to avoid the arbitrator's award of attorney fees. The dissent would thus sanction and encourage the "absurd consequences and . . . mischievous lawyering" condemned in *Herbert Hawkins* by encouraging the losing party in a judicial arbitration to file a dismissal, with or without prejudice, to avoid responsibility for the attorney fees and costs validly incurred by the prevailing party in the litigation. (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra,* 140 Cal.App.3d 334, 339.) The position advocated by the dissent is thus directly contrary to the policies underlying the arbitration statutes and Civil Code section 1717.

Finally, the dissent suggests that defendant has a remedy under section 128.5 rather than under Civil Code section 1717. The suggestion ignores the fact that the defendant *did* bring her motion for attorney fees under section 128.5. It was the trial court that suggested that Civil Code section 1717 was the proper section. Although the dissent finds that the trial court erred in this conclusion, attorney fees were clearly proper under the broader provisions of sections 1032 and 1033.5. (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 428-429.) At most, the trial court was right for the wrong reasons. Thus, even if we agreed with the dissent, which we do not, the judgment should be affirmed. (*Transamerica Ins. Co.* v. *Tab Transportation, Inc.* (1995) 12 Cal.4th 389, 399, fn. 4 [48 Cal.Rptr.2d 159, 906 P.2d 1341].)

As noted above, the only issue which should be considered in this appeal is the validity of the trial court actions. The issue of the validity of the

arbitrator's award of attorney fees as costs is not properly before us. Since the trial court was clearly correct in its actions in vacating the dismissal, reinstating the arbitration award and entering judgment against the plaintiffs pursuant to that award, the judgment should be affirmed. Since the trial court did not abuse its discretion in setting the amount of attorney fees payable to defendant, the amount of attorney fees awarded is also proper. (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th 421, 429-430.)

## DISPOSITION

The judgment is affirmed. Defendant is to recover her costs on appeal.

Richli, J., concurred.

**McKINSTER, J.**—I respectfully dissent.

I agree with my colleagues in the majority that, even though it arose out of an arbitration award, the judgment is reviewable on appeal. However, I respectfully dissent from that portion of the majority's opinion which affirms that judgment.

## INTRODUCTION

This litigation was terminated when, in response to the plaintiffs' request, their entire action was dismissed with prejudice. Not content with that resolution, the trial court decided to reopen the litigation for the sole purpose of entering a judgment against the plaintiffs upon which to base an award of attorney fees to the defendant. In affirming the actions of the trial court, the majority concludes that the defendant is entitled to recover her attorney fees under Civil Code section 1717, and that the trial court was justified in vacating the plaintiffs' dismissal with prejudice so that those fees could be awarded to her.

The decision to award fees in this procedural circumstance requires the balancing of competing public policy interests. On the one hand, public policy favors the voluntary resolution of disputes. On the other, it also favors the enforcement of attorney fee clauses in agreements.

Our Supreme Court has decided that when these policy interests conflict, the balance must be resolved in favor of voluntary dispute resolution and against the recovery of attorney fees. (*International Industries, Inc.* v. *Olen* (1978) 21 Cal.3d 218, 224-225 [145 Cal.Rptr. 691, 577 P.2d 1031].) As an intermediate court, we are not at liberty to strike a different balance. (*Auto*

*Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 455 [20 Cal.Rptr. 321, 369 P.2d 937].) Nevertheless, by affirming the vacation of the plaintiffs' dismissal, that is what the majority has done.

In my view, the defendant's right to an award of attorney fees is limited by Civil Code section 1717. Since Civil Code section 1717 prohibits an award of fees in the event of a voluntary dismissal, no fees are recoverable by the defendant. While the vacation of a dismissal *without* prejudice might be justified, the policy in favor of the voluntary resolution of disputes prevents the vacation of a dismissal *with* prejudice.

THE RECOVERY OF ATTORNEY FEES IN THIS ACTION IS GOVERNED BY CIVIL CODE SECTION 1717.

When, as here, an action is brought to enforce an agreement, and one term of that agreement provides for the recovery of attorney fees by the prevailing party in such an action, the degree to which the courts will honor that agreement is governed by Civil Code section 1717.[1] That section provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded . . . to the prevailing party, then the party who is determined to be the party prevailing on the contract . . . shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)

One court has held that, even if the action is brought to enforce the contract, Civil Code section 1717 does not necessarily apply. (*Honey Baked Hams, Inc.* v. *Dickens* (1995) 37 Cal.App.4th 421 [43 Cal.Rptr.2d 595].) It based that conclusion on two separate arguments. Both are incorrect.

First, the court in *Honey Baked Hams* asserted that the " 'only effect' " of Civil Code section 1717 " 'is to make an otherwise unilateral right to attorney fees reciprocally binding upon all parties to actions to enforce the contract.' " (*Honey Baked Hams, Inc.* v. *Dickens, supra,* 37 Cal.App.4th at p. 426, quoting from *Xuereb* v. *Marcus & Millichap, Inc., supra,* 3 Cal.App.4th at p. 1342.) Since the attorney fee provision there was bilateral rather than unilateral (i.e., because it authorized the recovery of fees by whichever party prevailed rather than attempting to limit that right to a specified party), the court reasoned that the section had no application. (*Honey Baked Hams, Inc.,* at pp. 426-428.)

---

[1]By contrast, it has been held that Civil Code section 1717 does not apply to actions which arise out of a contract but which sound in tort rather than contract. (*Xuereb* v. *Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1341-1342 [5 Cal.Rptr.2d 154].) That exception is unimportant here, because the plaintiffs' sole claims were for breach of contract and specific performance.

That reasoning fails because the premise is incorrect. It is true that, as originally enacted in 1968, the scope of Civil Code section 1717 was limited to contracts which restricted the right of a prevailing party to collect attorney fees to only "one of the parties" to the contract. (Stats. 1968, ch. 266, § 1, p. 578.) However, when it was amended in 1981, the section's scope was expanded to include contracts which provide that fees "shall be awarded either to one of the parties *or to the prevailing party* . . . ." (Stats. 1981, ch. 888, § 1, p. 3399, italics added.) That broader language has remained in the section ever since. Thus, it is no longer true that Civil Code section 1717 is limited to contracts with unilateral attorney fee clauses.

Second, *Honey Baked Hams* argues that the recovery of contractual attorney fees is no longer restricted to the procedures specified by Civil Code section 1717 because in 1990 section 1033.5[2] was amended to provide that attorney fees are costs. (*Honey Baked Hams, Inc.* v. *Dickens,* supra, 37 Cal.App.4th at pp. 428-429, citing Stats. 1990, ch. 804, §§ 1-2, pp. 3550-3552.) I am not persuaded. As early as the 1981 amendment, subdivision (a) of Civil Code section 1717 has specifically defined attorney fees to be "costs of suit." (Stats. 1981, ch. 888, § 1, p. 3399.) The 1990 amendment to section 1033.5, clarifying that attorney fees may be requested on a cost bill, evidences no intent to draw a distinction between attorney fees awarded pursuant to Civil Code section 1717 and those awarded in other cases.

### UNDER CIVIL CODE SECTION 1717, ATTORNEY FEES ARE NOT RECOVERABLE AFTER A VOLUNTARY DISMISSAL.

The application of Civil Code section 1717 is significant because the section provides that "[w]here an action has been voluntarily dismissed . . . , there shall be no prevailing party [on the contract] for purposes of this section." (*Id.,* subd. (b)(2).) That is a codification of the holding in *International Industries, Inc.* v. *Olen, supra,* 21 Cal.3d 218. (*Hsu* v. *Abbara* (1995) 9 Cal.4th 863, 873 [891 P.2d 804, 9 Cal 4th 863].)

In *International Industries,* the court held "that sound public policy and recognized equitable considerations require that we . . . refus[e] to permit recovery of attorney fees based on contract when the plaintiff voluntarily dismisses prior to trial."[3] (21 Cal.3d at p. 223.) It explained that "[t]he purpose of litigation is to resolve participants' disputes, not compensate

---

[2]As in the majority opinion, all section references are to the Code of Civil Procedure unless specified otherwise.

[3]The holding of *International Industries* was limited to the dismissal of the action prior to the commencement of trial. However, when the Legislature codified that holding by adding subdivision (b)(2) to Civil Code section 1717, it did not retain that limitation. Thus, under the statutory formulation of the rule, even where the dismissal is not entered until after the

participating attorneys." (*Id.*, at p. 224.) Permitting the recovery of fees after voluntary dismissals would tend to frustrate that purpose by "encourag[ing] plaintiffs to maintain pointless litigation in moot cases or against insolvent defendants to avoid liability for those fees." (*Ibid.*) "Our courts are sufficiently burdened without combat kept alive solely for attorney fees." (*Ibid.*) While acknowledging that the rule may be contrary to the language of the parties' contract, the court concluded "that concern for the efficient and equitable administration of justice requires that the parties in pretrial dismissal cases be left to bear their own attorney fees, whether claim is asserted on the basis of the contract or section 1717's reciprocal right." (*Id.*, at p. 225; *Jue* v. *Patton* (1995) 33 Cal.App.4th 456, 460 [39 Cal.Rptr.2d 364].)

### The Plaintiffs' Dismissal Was Voluntary.

Since the Supreme Court has determined that public policy requires that a plaintiff be allowed to voluntarily dismiss his or her contract action without incurring liability for contractual attorney fees, the next question is whether the plaintiffs' dismissal here was voluntary.

Generally, an involuntary dismissal is one ordered by the court, while one entered at the request of the plaintiff is voluntary. (*D & J, Inc.* v. *Ferro Corp., supra,* 176 Cal.App.3d at p. 1194.) Even dismissals requested after the commencement of trial are considered to be voluntary. (*Ibid.*) "It is not the stage of the proceedings which distinguishes a voluntary dismissal from an involuntary one. Rather, the key is the plaintiff's role, if any, in bringing it about." (*Ibid.*)

Here, the dismissal was entered solely at the request of the plaintiffs. Since they consented to its entry, it is a voluntary dismissal. Thus, unless there is authority permitting the vacation of that dismissal, no attorney fees are recoverable. (Civ. Code, § 1717, subd. (b)(2).)

### Neither Statutory Nor Decisional Law Currently Restricts the Right of a Plaintiff to Dismiss an Action With Prejudice Following an Adverse Arbitration Award.

The right of a plaintiff to dismiss his or her action is very broad. "A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, *with or without* prejudice prior to the actual commencement of trial." (§ 581, subd. (c), italics added; accord, *id.*, subd. (b)(1).) A plaintiff may also dismiss *with*

---

commencement of trial, there is no prevailing party. (*D & J, Inc.* v. *Ferro Corp.* (1986) 176 Cal.App.3d 1191, 1194-1195 [222 Cal.Rptr. 656].)

prejudice after the commencement of trial by expressly requesting a dismissal (*id.*, subd. (e)) or by otherwise indicating an unequivocal intent to abandon the action (*id.*, subd. (d); *Kaufman & Broad Bldg. Co.* v. *City & Suburban Mortg. Co.* (1970) 10 Cal.App.3d 206, 213 [88 Cal.Rptr. 858]).

Though broad, the right to dismiss is not absolute. While there are no further statutory limitations, case law has defined procedural circumstances in which a dismissal will not be given effect.

For instance, if a general demurrer has been sustained without leave to amend, the plaintiff may not thereafter dismiss the action without prejudice, even if the trial court has not yet entered a judgment of dismissal on the sustained demurrer. (*Goldtree* v. *Spreckels* (1902) 135 Cal. 666, 672-673 [67 P. 1091].) The same is true when the demurrer is sustained with leave to amend but the plaintiff fails to amend within the time allowed. (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 789 [176 Cal.Rptr. 104, 632 P.2d 217].) "Permitting a plaintiff to exercise an absolute right to dismiss his action without prejudice to recommencing suit based upon the same allegations, even after the trial court has ruled definitively and adversely on the sufficiency of those allegations, makes neither good sense nor good law." (*Id.*, at p. 788.) If the plaintiff can offer no amendment of the complaint which would cure the defects found by the trial court to exist, the plaintiff "must proceed to a review of such legal determination by appeal, rather than seek another trial forum in which to reassert the same claims."[4] (*Id.*, at p. 789.)

Similarly, "where a plaintiff served with a request for admission defaults and all the issues in the case are deemed admitted in compliance with the requirements of section 2033, plaintiff's right to dismiss without prejudice pursuant to section 581, subdivision 1, is terminated."[5] (*Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765, 770 [204 Cal.Rptr. 62], interpreting what is now § 581, subd. (b)(1).) "The most important objective of the request for admissions is to narrow the issues and save the time and expense of preparing unnecessary proof." (*Miller, supra,* 157 Cal.App.3d at p. 769.) To allow a plaintiff to dismiss without prejudice would frustrate that purpose, because the plaintiff would be able to refile the identical lawsuit at a cost of time and resources to the judicial system and to the defendant that section 2033 is intended to prevent. (157 Cal.App.3d at p. 769.)

---

[4]While the majority opinion quotes from *Wells* to the effect that a plaintiff may not dismiss an action to which a demurrer has been sustained (maj. opn., *ante,* at p. 1826), it fails to acknowledge that *Wells* was speaking of dismissals *without* prejudice (29 Cal.3d at pp. 784-785).

[5]"The implication of a subdivision 1 dismissal is that it is generally 'without prejudice' to a plaintiff's filing of a new action on the same allegations . . . ." (*Wells* v. *Marina City Properties, Inc., supra,* 29 Cal.3d at p. 784.)

In a procedural circumstance closer to that before us, the same concern with the threat of repetitious litigation of issues which have already been definitively decided has been relied upon to determine that plaintiffs may not dismiss their action *without* prejudice after requesting a trial de novo to vacate an adverse arbitration award. (*Herbert Hawkins Realtors, Inc.* v. *Milheiser* (1983) 140 Cal.App.3d 334, 340-341 [189 Cal.Rptr. 450].) There, the plaintiffs purposely failed to appear at the judicial arbitration hearing, with the result that an award was filed in favor of the defendants. (*Id.*, at p. 337.) When the plaintiffs requested a trial de novo, the matter was restored to the civil active list and set for a mandatory settlement conference. Prior to the mandatory settlement conference, the plaintiffs dismissed their action without prejudice. The defendants appealed from the trial court's denial of their motion for an order dismissing the action with prejudice. (*Ibid.*)

The appellate court reversed, holding that a plaintiff "is not entitled to a voluntary dismissal without prejudice within the judicial arbitration setting *merely to avoid an unfavorable arbitration award.*" (140 Cal.App.3d at p. 340, fn. omitted, italics added.) It reasoned that, instead of achieving a valid dismissal, the plaintiffs' request for dismissal should be deemed to be a repudiation of their prior request for a trial de novo. (*Ibid.*) "This factually restores the repudiating parties to their legal positions before electing the trial de novo, and triggers award finalization under section 1141.20." (*Ibid.*, fn. omitted.) Accordingly, it ordered the vacation of the dismissal requested by the plaintiffs and the entry of a judgment conforming to the arbitration award. (*Id.*, at p. 341.)

Until now, no case has held that a plaintiff may not dismiss an action *with* prejudice after receiving an unfavorable arbitration award.

## The Right to Dismiss an Action With Prejudice Should Not Be Restricted

The specific issue before us is whether the rule of *Herbert Hawkins Realtors*, which refuses to give effect to dismissals without prejudice when entered after an adverse arbitration award, should also be applied to dismissals with prejudice. I submit that the rule should not be so extended, for three reasons. First, since the rule conflicts with several Supreme Court cases involving similar issues, I question whether *Herbert Hawkins Realtors* is correct even if limited to dismissals without prejudice. Second, assuming arguendo that the rule in *Herbert Hawkins Realtors* is correct as applied to its facts, the policies underlying that rule do not apply to dismissals with prejudice. Third, because an arbitration hearing is not equivalent to a trial, the right to dismiss after an arbitration should not be restricted in the same way as dismissals after a trial.

A. *The Rule Conflicts With Supreme Court Opinions Involving Similar Issues.*

Even if limited to dismissals without prejudice, the holding of *Herbert Hawkins Realtors* appears to conflict with Supreme Court opinions in three respects.

1. *Postdismissal Inquiries to Determine Entitlement to Attorney Fees Have Been Rejected by the Supreme Court as a Waste of Scarce Judicial Resources.*

The holding of *Herbert Hawkins Realtors* is not that all postarbitration dismissals are ineffective, but only that dismissals which have been requested "merely to avoid an unfavorable arbitration award" are invalid. (140 Cal.App.3d at p. 340.) Thus, to implement that rule, a trial court must conduct a hearing to make a factual determination of the subjective intent of the dismissing plaintiff.[6]

However, such postdismissal proceedings to determine entitlement to attorney fees have previously been rejected by the Supreme Court. In *International Industries, Inc.* v. *Olen, supra,* the Supreme Court considered the suggestion "that in pretrial dismissal cases the court should determine whether, and to what extent, the complaint is meritorious and award attorney fees accordingly." (21 Cal.3d at p. 224.) Noting that the purpose of litigation is to resolve the parties' disputes rather than to determine how the parties' attorneys should be compensated (*ibid.*), it decided against the adoption of such a test, declining to use "scarce judicial resources for trial of the merits of dismissed actions . . . ." (*Id.,* at p. 225.)

The proposed inquiry here—i.e., the determination of a plaintiff's subjective reason for requesting dismissal—would also involve a time-consuming

---

[6]The majority apparently interprets the holding of *Herbert Hawkins Realtors* to be far broader. Under its reading, any postarbitration request for dismissal is deemed to have been motivated by an improper attempt to avoid the prior arbitration award, and is thus invalid regardless of the plaintiff's actual motivation. Accordingly, the majority disclaims the need to determine the subjective intent of the dismissing plaintiff. (Maj. opn., *ante,* at pp. 1829-1831.)

In my view, the holding of *Herbert Hawkins Realtors* cannot be so easily divorced from its facts, which clearly showed that the plaintiff's request for trial de novo was a sham, intended for the sole purpose of escaping the adverse award rather than pursuing the claim at trial. The *Herbert Hawkins Realtors* court itself recited the existence of that improper intent when defining the extent of its holding: "Accordingly, we hold a party is not entitled to a voluntary dismissal without prejudice within the judicial arbitration setting merely to avoid an unfavorable arbitration award." (140 Cal.App.3d at p. 340, fn. omitted.) Since the court relied upon the existence of that improper intent in fashioning its rule, the application of that rule in other circumstances depends upon a finding of a similar improper intent. If that factual prerequisite is ignored, then we are not merely applying an existing rule of law, but creating a new rule, requiring new justifications.

and wasteful expenditure of resources to inquire into issues which are not raised by any pending action. While an inquiry into the plaintiff's intent might not be as extensive as that required to determine the degree of merit in the dismissed action, even a brief inquiry is wasteful when the underlying action has been terminated once and for all by a voluntary dismissal with prejudice.

### 2. *The Supreme Court Has Held That the Proper Sanction for Abuse of the Judicial Arbitration System Is Sanctions Under Section 128.5.*

Arguably, the court in *Herbert Hawkins Realtors* sought to justify its rule by the need to discourage "mischievous lawyering" by which the judicial arbitration system is abused. (140 Cal.App.3d at p. 339.) If so, the Supreme Court's decision in *Lyons* v. *Wickhorst* (1986) 42 Cal.3d 911 [231 Cal.Rptr. 738, 727 P.2d 1019] indicates that the chosen sanction is too severe.

In *Lyons*, the trial court had dismissed a plaintiff's action after the plaintiff had repeatedly failed to participate in judicial arbitration hearings and had requested a trial de novo after a default arbitration award was filed against him. (42 Cal.3d at p. 914.) However, after noting that there is no statutory authority for an involuntary dismissal under those circumstances (*id.*, at pp. 914-915), the Supreme Court reversed the dismissal, concluding that it was "too drastic a remedy in light of the fact that arbitration was not intended to supplant traditional trial proceedings" (*id.*, at p. 919). Instead, the appropriate remedy for the plaintiff's behavior was that provided by section 128.5. (42 Cal.3d at p. 919; accord, *Salowitz Organization, Inc.* v. *Traditional Industries, Inc.* (1990) 219 Cal.App.3d 797, 802-806 [268 Cal.Rptr. 493].)

An award of sanctions under section 128.5 is a far more limited penalty than an award of attorney fees under Civil Code section 1717. Sanctions may not be levied under section 128.5 unless the trial court finds that the action or tactic in question was in bad faith and was frivolous or solely intended to cause unnecessary delay. (*Summers* v. *City of Cathedral City* (1990) 225 Cal.App.3d 1047, 1070 [275 Cal.Rptr. 594].) By contrast, liability for attorney fees under Civil Code section 1717 is not so circumscribed. A prevailing party in an action on a contract with an attorney fee clause is entitled to an award of attorney fees as a matter of right, regardless of the subjective intent of the opposing side.

### 3. *The Supreme Court Has Declared That the Policy in Favor of Voluntary Dismissals Outweighs the Interest in Imposing Liability for Attorney Fees.*

Most importantly, neither *Herbert Hawkins Realtors* nor the majority takes into account the policies which favor the right of a plaintiff to dismiss or

otherwise settle his or her action without becoming liable for attorney fees incurred by the other side. (Civ. Code, § 1717, subd. (b)(2).) As explained in *International Industries, Inc.* v. *Olen, supra,* and as quoted above, the Supreme Court has determined that the policy favoring the disposition of the parties' claims outweighs the policy of enforcing the attorney fee provisions of contracts between those parties. Because the enforcement of the latter might discourage settlements and voluntary abandonments of actions, those provisions will not be enforced against plaintiffs who voluntarily dismiss.

Arguably, this policy may result in some hardship or injustice in a particular case. Were the policy to be enforced in the present case, for instance, the defendant would not be able to enforce her contractual right to be reimbursed for the $20,000 in attorney fees which she incurred defending against the plaintiffs' suit. However, that is no reason to carve out an exception for judicial arbitration cases, as the majority has implicitly done. In a civil case which does not go to judicial arbitration, a defendant may incur many tens or even hundreds of thousands of dollars of attorney fees in the course of demurrers, depositions, discovery motions, and other trial preparation, only to have the plaintiff decide to dismiss with prejudice on the eve of, or even at the end of, trial. If the policy favoring voluntary dispositions justifies the denial of any right to enforce an attorney fee provision in that hypothetical case, then it justifies the same denial in the case before us.

B. *The Policies Relied Upon to Justify the Rule as to Dismissals Without Prejudice Do Not Apply to Dismissals With Prejudice.*

As noted above, *Herbert Hawkins Realtors'* rule that dismissals without prejudice entered after adverse arbitration awards will not be given effect is based, not on statute or precedent, but on policy considerations. Thus, the strength of that rule depends on the force of that policy argument. As discussed above, in light of *Lyons, International Industries,* and Civil Code section 1717, I question the policy conclusions reached by the *Herbert Hawkins Realtors* court and adopted by the majority.

Here, however, the precise issue to be decided is not whether *Herbert Hawkins Realtors* is correct, but whether it should be applied beyond its facts to dismissals with prejudice. Since the rule is based on policy considerations, it may be extended to dismissals with prejudice only to the extent that the underlying policies also apply to those circumstances.

To justify the creation of its new rule regarding dismissals without prejudice following arbitration awards, *Herbert Hawkins Realtors* appears to rely primarily upon two interrelated policies: to promote the use of arbitration to resolve small civil claims and to discourage the waste of judicial

resources caused by repetitious litigation. While both policies tend to support the rule invalidating dismissals without prejudice, neither supports the extension of that rule to dismissals with prejudice.

The purpose of judicial arbitration is to provide prompt and equitable resolutions to small civil disputes. (§ 1141.10; *Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra*, 140 Cal.App.3d at p. 338.) Because a dismissal without prejudice allows a plaintiff to file a new action on the same allegations (*id.*, at p. 339), permitting voluntary dismissals without prejudice after adverse arbitration awards would defeat that legislative purpose (*ibid.*).

Similarly, *Herbert Hawkins Realtors* quotes from that portion of *Wells* v. *Marina City Properties, Inc., supra*, in which the Supreme Court refused to give effect to a dismissal without prejudice after a demurrer had been sustained, because the plaintiff would thereby be able to reassert the same claim in a second action despite that adverse ruling. " 'The obvious consequence . . . would be to prolong, rather than to terminate lawsuits.' " (*Herbert Hawkins Realtors, Inc.* v. *Milheiser, supra*, 140 Cal.App.3d at p. 340, quoting from *Wells* v. *Marina City Property, Inc., supra*, 29 Cal.3d at p. 789.)

The possibilities that the resolution of cases will be delayed and that judicial resources will be wasted both stem from the ability of a plaintiff who has dismissed his or her initial action without prejudice to file a second action on the same allegations. Those policy interests are not threatened when the first action is dismissed with prejudice, however, because no new action can thereafter be filed. Rather than present the risk of further litigation, a dismissal with prejudice terminates the litigation once and for all. Therefore, those policy interests do not justify the extension of the rule to dismissals with prejudice.

C. *A Dismissal After Arbitration Should Not Be Treated as a Dismissal After Trial.*

The majority claims that the "plaintiffs had their day in court as a result of having participated in a judicial arbitration," and that their request for a trial de novo was merely an attempt to obtain "a second day in court." (Maj. opn., *ante*, at p. 1826.) Similarly, it views an arbitration "as a trial on the merits." (*Id.*, at p. 1827.) The majority appears to reason that, just as a plaintiff cannot dismiss an action after it has been submitted for decision following a trial (§ 581, subds. (d) & (e)), a plaintiff may be denied the right to dismiss his or her action after an arbitration hearing.

I cannot agree. As has been said in the context of dismissals for failure to prosecute, a judicial arbitration hearing is not a final disposition of law or

fact, and thus cannot be considered to be the equivalent of a trial. (*Khoury* v. *Comprehensive Health Agency, Inc.* (1983) 140 Cal.App.3d 714, 719 [189 Cal.Rptr. 653]; *Brown* v. *Engstrom* (1979) 89 Cal.App.3d 513, 520 [152 Cal.Rptr. 628].) Nor were arbitrations intended to supplant trials. (*Lyons* v. *Wickhorst, supra*, 42 Cal.3d at p. 919.) Although an adjunct to litigation (*Parker* v. *Babcock* (1995) 37 Cal.App.4th 1682, 1687 [44 Cal.Rptr.2d 602]), a judicial arbitration is not a "judicial" proceeding at all, because it is not conducted by a judge (*id.*, at p. 1686). As with other arbitrations, it is likely to be conducted "in the nature of an informal conference rather than a judicial trial." (*Sapp* v. *Barenfeld* (1949) 34 Cal.2d 515, 520 [212 P.2d 233]; and see § 1141.10, subd. (b)(2) [hearings to be as informal as possible].) " 'Extrajudicial mediation' " is an apt description. (*Dodd* v. *Ford* (1984) 153 Cal.App.3d 426, 432, fn. 7 [200 Cal.Rptr. 256].)

Although both arbitrations and trials can result in judgments, the two types of proceedings are not of equal dignity. A few hours of informal mediation by a volunteer arbitrator cannot be equated to a plenary trial before a judge or jury. While a trial cuts off the right to dismiss, an arbitration hearing should not.

### *Even if the Rule Should Be Applied to Dismissals With Prejudice, It Has No Application Here Because the Dismissal Was Not Solely to Avoid Liability for Attorney Fees.*

Finally, even assuming that the rule of *Herbert Hawkins Realtors* is correct and should be applied to dismissals with prejudice which are requested "merely to avoid an unfavorable arbitration award," it would have no application here. The trial court did not expressly find such a purpose. Nor does substantial evidence support an implied factual finding that the sole reason for the plaintiffs' request for a trial de novo and subsequent dismissal was to avoid the arbitration award.

A comparison with the facts in *Herbert Hawkins Realtors* is illustrative. There, the plaintiffs had not participated in the arbitration hearing and had dismissed the action on the eve of the mandatory settlement conference, which appears to have been the first step toward trial following the request for a trial de novo. Thus, the facts there suggest that the plaintiffs never intended to pursue a court trial, but rather intended to dismiss the action as soon as the arbitration award had been vacated.

By contrast, after requesting the trial de novo, the plaintiffs here affirmatively requested a trial date by filing a new at-issue memorandum. Thereafter, they actively prepared for trial by drafting a trial brief and a pretrial

motion. While they later decided to dismiss, their counsel represented that their decision was motivated by reasons personal to the plaintiffs,[7] unrelated to the merits of the action. That evidence indicates that the request for trial de novo was motivated by a genuine desire to pursue a court trial, and that the decision to abandon the claim prior to trial was prompted by a subsequent change of heart. This record does not support a finding that the request for trial de novo was a sham, intended solely to avoid the adverse arbitration award.

## CONCLUSION

If the defendant can establish that the plaintiffs were acting in bad faith, she may have remedies under Code of Civil Procedure section 128.5 or in an action for malicious prosecution. However, for the reasons set forth above, I submit that she is not entitled to an award of attorney fees under Civil Code section 1717. I would reverse the judgment entered on the arbitration award and direct the trial court to reinstate the dismissal with prejudice previously entered pursuant to the plaintiffs' request.

A petition for a rehearing was denied June 4, 1996, and appellants' petition for review by the Supreme Court was denied August 28, 1996.

---

[7]The plaintiffs are the daughter and son-in-law of the defendant.