[No. C029072. Third Dist. Apr. 28, 1999.]

JAMES KYLE, Plaintiff and Appellant, v.
SHELLY CARMON, Defendant and Respondent.

**COUNSEL**

Paul Nicholas Boylan for Plaintiff and Appellant.

Mark Goldowitz; and David Howard for Defendant and Respondent.

**OPINION**

**SIMS, Acting P. J.**—Plaintiff James Kyle filed a civil action for damages against defendant Shelly Carmon. Claiming plaintiff's suit was a strategic lawsuit against public participation (SLAPP), defendant moved to dismiss the action pursuant to Code of Civil Procedure section 425.16.[1] A hearing was held on the SLAPP motion and, at the conclusion of the hearing, the trial court took the motion under submission. While the motion was under submission, plaintiff filed with the clerk a voluntary dismissal of the action *with prejudice* pursuant to section 581. Despite the filing of the dismissal, the trial court then granted the SLAPP motion, entering an order striking plaintiff's complaint and awarding defendant attorney's fees and costs.

Plaintiff appeals, contending the trial court was without authority to strike the complaint once the dismissal with prejudice had been filed.

We conclude the voluntary dismissal was valid; we shall therefore reverse the trial court's order striking plaintiff's complaint. However, we shall affirm the trial court's award of attorney's fees and costs in favor of defendant.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 27, 1997, plaintiff (a school district superintendent according to the complaint) filed this lawsuit against defendant (and two others who were dismissed and are not party to this appeal). The first amended complaint alleged causes of action for invasion of privacy, defamation, and intentional infliction of emotional distress (together with other causes of action which were dismissed with prejudice before the current dispute arose). The factual allegations underlying the complaint are not at issue in this appeal.

---

[1]Undesignated statutory references are to the Code of Civil Procedure.

On September 24, 1997, defendant filed a special motion to strike the complaint under section 425.16, subdivision (b)(1). The hearing on the motion was originally set for October 24, 1997, but was continued.

On December 8, 1997, the hearing was held. The court minutes reflect that the court heard argument at the hearing and took the matter under submission.[2]

On December 10, 1997, plaintiff submitted to the court clerk a request for voluntary dismissal of his case with prejudice. The clerk filed the dismissal on December 11, 1997.

On December 17, 1997, the court filed its order (which was signed December 14th), striking the first amended complaint under section 425.16. The order (with no mention of the voluntary dismissal) stated the court determined the complaint arose from defendant's exercise of her right to free speech, and it was not probable that plaintiff would prevail if the action were allowed to proceed. The order also stated defendant was to recover costs and attorney's fees.[3]

## DISCUSSION

### I

■ An order granting a motion to strike under section 425.16 is an appealable order. (See 5 Witkin, Cal. Procedure (4th ed. 1997) Pleading, § 971, pp. 434-435, citing *Adohr Milk Farms, Inc.* v. *Love* (1967) 255

---

[2]On January 6, 1999 (three weeks after filing her respondent's brief on appeal), defendant filed in this court a motion to augment the record with a purported transcript of the December 8, 1997, hearing. She asserted the transcript would support the unsubstantiated assertion in her respondent's brief that the trial court was going to grant her section 425.16 motion. However, as pointed out in plaintiff's opposition to the motion to augment the record, the transcript submitted by defendant is not an official reporter's transcript (apparently, there is none) but was transcribed by a person not yet certified as a court reporter, who was working from a videotape of the hearing made by a defendant who is not party to this appeal. Additionally, defendant fails to show any excuse for failure to comply with appendix A-2 of this court's internal operating practices and procedures, which states that a respondent's motion to augment should be filed within 15 days of the filing of the appellant's opening brief. (Ct. App., Third App. Dist., Internal Operating Practices & Proc., Appen. A-2, Augmentation of Record.)

We deny defendant's motion to augment the record.

We grant plaintiff's motion to disregard the portion of defendant's brief asserting the trial court at the hearing indicated an intent to grant the section 425.16 motion.

[3]Defendant asserts the trial court did award her attorney's fees on June 11, 1998. She gives no citation to the record but merely refers us to footnote three of her appellate brief, which says nothing about attorney's fees.

Cal.App.2d 366, 370 [63 Cal.Rptr. 123] [though motion to strike is ordinarily nonappealable, it is appealable as a final judgment if it removes the only cause of action alleged and leaves no issues to be determined].) ■ A party may appeal from a purportedly void judgment in order to clear the record. (*Ibid.*; *Casa De Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1191, fn. 4 [213 Cal.Rptr. 790].) This case presents a question of law, which we review de novo. (*Ghirardo* v. *Antonioli* (1994) 8 Cal.4th 791, 799 [35 Cal.Rptr.2d 418, 883 P.2d 960].)

## II

Although the merits of the section 425.16 motion are not at issue in this appeal, the nature of the motion will be a factor in our discussion of plaintiff's right to voluntary dismissal under section 581.

■ Section 425.16 "is designed to protect citizens in the exercise of their First Amendment constitutional rights of free speech and petition. It is California's response to the problems created by meritless lawsuits brought to harass those who have exercised these rights." (*Church of Scientology* v. *Wollersheim* (1996) 42 Cal.App.4th 628, 644 [49 Cal.Rptr.2d 620] (*Church of Scientology*); see also § 425.16, subd. (a).)

■ A SLAPP suit is subject to a special motion to strike the complaint under section 425.16, unless the court determines the plaintiff has established a probability of prevailing on the claim. (§ 425.16, subd. (b)(1).) "The moving party bears the initial burden of establishing a prima facie showing the plaintiff's cause of action arises from the defendant's free speech or petition activity. [Citation.] . . . If the defendant establishes a prima facie case, then the burden shifts to the plaintiff to establish ' "a probability that the plaintiff will prevail on the claim," ' i.e., 'make a prima facie showing of facts which would, if proved at trial, support a judgment in plaintiff's favor.' [Citation.] In making its determination, the trial court is required to consider the pleadings and the supporting and opposing affidavits stating the facts upon which the liability or defense is based. [Citation.] Discovery is stayed upon the filing of the motion. [Citation.] However, upon noticed motion and for good cause shown, the court may allow specified discovery." (*Church of Scientology, supra*, 42 Cal.App.4th at pp. 646-647, italics omitted.)

The burden on the plaintiff is similar to the standard used in determining motions for nonsuit, directed verdict, or summary judgment. (*Church of Scientology, supra*, 42 Cal.App.4th at pp. 653-654; *Wilcox* v. *Superior Court* (1994) 27 Cal.App.4th 809, 823-824 [33 Cal.Rptr.2d 446].) "In order to preserve the plaintiff's right to a jury trial the court's determination of the

motion cannot involve a weighing of the evidence." (*Church of Scientology, supra*, 42 Cal.App.4th at p. 654.) "It is recognized, with the requirement that the court consider the pleadings and affidavits of the parties, the test is similar to the standard applied to evidentiary showings in summary judgment motions . . . ." (*Ibid.*, citing *Ludwig* v. *Superior Court* (1995) 37 Cal.App.4th 8, 15-16 [43 Cal.Rptr.2d 350].)

## III

Plaintiff contends the order striking the complaint under section 425.16 is void for lack of jurisdiction because plaintiff's voluntary dismissal of the case was valid, since the court had not yet ruled on the section 425.16 motion. We agree.[4]

We shall conclude plaintiff's voluntary dismissal with prejudice was valid, where it was entered before a ruling on the section 425.16 motion.[5] Therefore, the order striking the complaint is void.

Section 581 allows a plaintiff voluntarily to dismiss a case *before* "commencement of trial." (§ 581, subds. (b), (c).)[6] "The purpose behind this right is to allow a plaintiff a certain amount of freedom of action within the limits prescribed by the code." (*Cal-Vada Aircraft, Inc.* v. *Superior Court*

---

[4]However, the parties agree that even if plaintiff's voluntary dismissal is valid, the trial court retained jurisdiction to award defendant attorney's fees pursuant to a section 425.16 motion filed before plaintiff dismissed the case. (*Moore* v. *Liu* (1999) 69 Cal.App.4th 745, 751, fn. 3 [81 Cal.Rptr.2d 807]; see also *Coltrain* v. *Shewalter* (1998) 66 Cal.App.4th 94, 107 [77 Cal.Rptr.2d 600] [where plaintiff voluntarily dismisses suit while section 425.16 motion is pending, trial court has discretion to determine whether defendant is prevailing party for purposes of attorney's fees under section 425.16].) The plaintiff's right to dismiss while the section 425.16 motion was pending was not challenged in *Moore* or *Coltrain*, hence those cases do not assist us in resolution of this issue. (*Ginns* v. *Savage* (1964) 61 Cal.2d 520, 524, fn. 2 [39 Cal.Rptr. 377, 393 P.2d 689] [opinion is not authority for proposition not therein considered].)

[5]We note we have no occasion in this appeal to decide whether a "tentative ruling" cuts off a plaintiff's right to dismiss a case voluntarily. (See *M & R Properties* v. *Thomson* (1992) 11 Cal.App.4th 899, 901 [14 Cal.Rptr.2d 579] [tentative ruling became formal ruling when plaintiff failed to request hearing by the time allotted]; cf. *Datner* v. *Mann Theatres Corp.* (1983) 145 Cal.App.3d 768, 771 [193 Cal.Rptr. 676] [informal tentative ruling expressed during chambers conference did not cut off plaintiff's right to voluntary dismissal].)

[6]Section 581, subdivisions (b) and (c) provide in part:

"(b) An action may be dismissed in any of the following instances:

"(1) With or without prejudice, upon written request of the plaintiff to the clerk, filed with papers in the case, or by oral or written request to the court at any time before the actual commencement of trial, upon payment of the costs, if any.

" . . . . . . . . . . . . . . . . . . . . . . . . .

"(c) A plaintiff may dismiss his or her complaint, or any cause of action asserted in it, in its entirety, or as to any defendant or defendants, with or without prejudice prior to the actual commencement of trial."

(1986) 179 Cal.App.3d 435, 446 [224 Cal.Rptr. 809] (*Cal-Vada Aircraft*).)
 "Apart from certain . . . statutory exceptions, a plaintiff's right to a voluntary dismissal [before commencement of trial pursuant to section 581] appears to be absolute. [Citation.] Upon the proper exercise of that right, a trial court would thereafter lack jurisdiction to enter further orders in the dismissed action" (*Wells* v. *Marina City Properties, Inc.* (1981) 29 Cal.3d 781, 784 [176 Cal.Rptr. 104, 632 P.2d 217] (*Wells*)), except for matters such as attorney's fees. (Fn. 4, *ante.*) An order by a court lacking subject matter jurisdiction is void. (*Carlson* v. *Eassa* (1997) 54 Cal.App.4th 684, 691 [62 Cal.Rptr.2d 884].)

 Section 581's purpose in cutting off the plaintiff's absolute right to dismissal upon commencement of trial is to avoid abuse by plaintiffs who, when led to suppose a decision would be adverse, would prevent such decision by dismissing without prejudice and refiling, thus subjecting the defendant and the courts to wasteful proceedings and continuous litigation. (*Wells, supra,* 29 Cal.3d at pp. 785-786.) That purpose is not implicated here, where plaintiff dismissed the case *with* prejudice, such that he is precluded from refiling the action. (*Adler* v. *Vaicius* (1993) 21 Cal.App.4th 1770, 1776 [27 Cal.Rptr.2d 32] [voluntary dismissal with prejudice is a final determination on the merits].) Plaintiff stresses his dismissal was with prejudice. Nevertheless, the current statute treats equally dismissals with or without prejudice, with respect to the right to dismiss *before* commencement of trial.[7] (§ 581, subd. (c), fn. 6, *ante.*)

 "Commencement of trial" in section 581 means the opening statement or argument, the swearing in of the first witness, or the introduction of any evidence. (§ 581, subd. (a)(6).)[8] However, case law holds that section 581 is not limited to "trial" in the conventional sense but also includes determinations on matters of law which dispose of the entire case, such as some demurrers and pretrial motions. (E.g. *Wells, supra,* 29 Cal.3d at p. 785 [once general demurrer is sustained with leave to amend, and plaintiff does not amend within time allotted, plaintiff can no longer voluntarily dismiss, even if court has not yet entered judgment on dismissal on the sustained demurrer]; *Goldtree* v. *Spreckels* (1902) 135 Cal. 666 [67 P. 1091] [sustaining of demurrer without leave to amend as to two of three causes of action

---

[7]*After* commencement of trial, "the court shall dismiss the complaint . . . with prejudice, if the plaintiff requests . . . ." (§ 581, subd. (e).) Here, plaintiff did not proceed through the court but had the dismissal entered by the clerk. Therefore, we have no need to consider subdivision (e) of the statute in this appeal.

[8]Section 581, subdivision (a)(6) provides, " 'Trial.' A trial shall be deemed to actually commence at the beginning of the opening statement or argument of any party or his or her counsel, or if there is no opening statement, then at the time of the administering of the oath or affirmation to the first witness, or the introduction of any evidence."

precluded plaintiff from voluntary dismissal of those two causes of action].) "The thread running through all these cases seems to be one of fairness: Once the parties commence putting forth the facts of their case before some sort of fact finder, such as an arbitrator, or at the pretrial stage a ruling is made on an issue of law or on admitted facts which effectively disposes of the plaintiff's case against him, it is unfair—and perhaps a mockery of the system—to allow the plaintiff to dismiss his complaint and refile. While our system is adversary and grounded on vigorous disputation, it is also dedicated to justice and grounded on the fundamental fairness of its proceedings." (*Gray* v. *Superior Court* (1997) 52 Cal.App.4th 165, 173 [60 Cal.Rptr.2d 428] [evidentiary proceedings before referee in partition action constituted commencement of trial].)

Here, a section 425.16 motion, if successful, effectively disposes of the entire case, because the court orders the plaintiff's complaint stricken.

The question before us is whether a plaintiff may validly have a voluntary dismissal entered by the clerk after a section 425.16 motion is filed by the defendant and a hearing is held, but before the court rules on the motion. We conclude the answer is yes.

We first dispose of defendant's apparent argument that, since a section 425.16 motion presents evidence to the trial court, the motion falls with section 581's express provision that trial commences upon the introduction of any evidence. Defendant also argues a hearing on a SLAPP motion is a "mini-trial[] on affidavits," hence a "trial" within the meaning of section 581. We disagree. A section 425.16 motion is in the nature of a motion for nonsuit, directed verdict, or summary judgment. (*Church of Scientology*, *supra*, 42 Cal.App.4th at pp. 653-654; *Wilcox* v. *Superior Court*, *supra*, 27 Cal.App.4th at pp. 823-824.) Although evidence is submitted, there is no weighing of evidence. (*Ibid.*) This is in contrast to defendant's cited authority, *Gray* v. *Superior Court*, *supra*, 52 Cal.App.4th 165, which held trial commenced under section 581 once evidentiary proceedings began before the referee in a partition action. The referee does weigh the evidence as a trier of fact (though the referee's decision is not binding on the trial court). (52 Cal.App.4th at p. 171.) Indeed, *Gray* stated that trial commences under section 581 "[o]nce the parties commence putting forth the facts of their case before some sort of fact finder . . . ." (*Id.* at p. 173.) Because the trial court ruling on a SLAPP motion does not find facts, the submission of evidence in a section 425.16 motion does not constitute "commencement of trial" under section 581.

Various courts have indicated—in holdings or dictum—that a plaintiff has an absolute right to voluntary dismissal before the court rules on a pending

demurrer or pretrial motion that may dispose of the entire case. For example, *Wells, supra*, 29 Cal.3d 781, construing section 581's language about "actual commencement of trial," held that once a general demurrer is sustained with leave to amend and the plaintiff does not amend within the time allotted, the plaintiff can no longer voluntarily dismiss the action under section 581, even if the court has yet to enter a judgment of dismissal on the sustained demurrer. The Supreme Court concluded this represented no change from judicial construction of a prior version of the statute which afforded plaintiff the right to dismiss at any time before trial. (29 Cal.3d at pp. 785, 787.) *Wells* described the issue as a conflict between a plaintiff's absolute right to dismiss before commencement of trial, and the defendant's statutory right to a dismissal with prejudice after a demurrer is sustained with leave to amend and the plaintiff fails to amend. When the plaintiff fails to amend, said the court, nothing remains to be done except render judgment. (*Id.* at p. 785.) In dictum, *Wells* stated: "(Anticipating another possible source of procedural confusion [citation], we note that such right of voluntary dismissal, which is not barred until expiration of plaintiff's time to amend after the sustaining of the demurrer, would also not be impaired *prior* to a decision sustaining the demurrer.)" (*Wells, supra*, 29 Cal.3d at pp. 789-790, original italics.)

This dictum was discussed in *Christensen v. Dewor Developments* (1983) 33 Cal.3d 778 [191 Cal.Rptr. 8, 661 P.2d 1088] (*Christensen*)—a case not cited by the parties. In *Christensen*, the plaintiffs filed a lawsuit alleging various contract claims but also alleging the dispute was subject to an arbitration clause in the contract. (*Id.* at pp. 780-781.) The defendants successfully demurred. The plaintiffs filed an amended complaint which again acknowledged the arbitration clause. (*Id.* at p. 781.) The defendants filed a demurrer, asserting among other things that the plaintiffs had waived their right to arbitrate. One day before the scheduled hearing on the demurrer, the plaintiffs dismissed their complaint without prejudice.[9] (*Ibid.*) Thereafter, the plaintiffs filed a petition to compel arbitration. The defendants moved to vacate the dismissal and enter a new dismissal *with* prejudice. (*Id.* at p. 784.) The trial court denied the petition to compel arbitration, concluding the plaintiffs had waived the right to arbitrate. (*Id.* at p. 781.) The trial court denied the motion to vacate the dismissal, ruling that a voluntary dismissal after the filing of an amended complaint and before the ruling on the demurrer to that amended complaint was permissible. (*Id.* at pp. 784-785.)

After affirming the trial court's order denying the petition to compel arbitration, the Supreme Court said in *Christensen*: "Since the issue

---

[9]The opinion does not state whether dismissal was entered by the clerk or the court, but the context suggests it was the clerk.

was vigorously argued below and is asserted by defendants on appeal, and will undoubtedly be raised in the event plaintiffs seek to renew their litigation, we briefly discuss whether plaintiffs properly dismissed their complaint without prejudice."[10] (33 Cal.3d at p. 784.) ▇ *Christensen* quoted the *Wells* dictum about plaintiffs having the right to dismiss before a ruling on a demurrer, and concluded the plaintiffs had the right to dismiss the complaint without prejudice before any decision on the demurrer to the first amended complaint. (*Christensen, supra,* 33 Cal.3d at p. 785.) *Christensen* noted with approval the result in cases such as *United Shippers, Inc.* v. *Superior Court* (1980) 104 Cal.App.3d 359 [162 Cal.Rptr. 871] (disapproved on other grounds in *Wells, supra,* 29 Cal.3d at p. 789), which upheld a voluntary dismissal without prejudice entered by the clerk, where the dismissal was entered after a demurrer had been argued and submitted but before the court ruled on the demurrer.

Though not cited by the parties, we note that one opinion of the Second Appellate District would move up the cutoff point to the time of hearing on the question of law. "A plaintiff may as a matter of right dismiss an action until there has been a hearing on the demurrer filed by a defendant and the matter has been submitted to the court." (*Datner* v. *Mann Theatres Corp., supra,* 145 Cal.App.3d 768, 770 [voluntary dismissal entered before hearing on demurrer was valid].) However, *Datner* cited *Wells* as authority for this proposition. As we have seen, *Wells* indicated in dictum that the cutoff point was decision on the demurrer, not a hearing or submission. Furthermore, as we have seen, *Christensen,* citing *Wells,* saw no problem with allowing a plaintiff to dismiss before decision on a demurrer. (*Christensen, supra,* 33 Cal.3d at p. 785.) *Datner* does not mention *Christensen,* which was published three months before *Datner.* We therefore respectfully decline to follow *Datner.*

We conclude a plaintiff retains the right to voluntary dismissal at any time before a ruling by the trial court on a section 425.16 motion.

Defendant argues that when a matter has proceeded to a hearing on issues which will effectively dispose of the case, a trial has commenced for section 581 purposes. However, the cases cited by defendant are distinguishable, primarily because the plaintiffs tried to dismiss after the functional equivalent of a ruling disposing of the case, or where the ruling was a mere formality, or where voluntary dismissal would conflict with some statutory

---

[10] Even assuming this reflects dictum, dictum of the California Supreme Court is not binding but is entitled to great weight where the issue was carefully considered. (*Chevron U.S.A., Inc.* v. *Workers' Comp. Appeals Bd.* (1990) 219 Cal.App.3d 1265, 1272 [268 Cal.Rptr. 699]; *People* v. *Mayo* (1986) 185 Cal.App.3d 389, 395 [229 Cal.Rptr. 762].)

entitlement of the defendant apart from the merits of the pending motion—circumstances not present in the case before us.

Thus, defendant cites *Miller* v. *Marina Mercy Hospital* (1984) 157 Cal.App.3d 765 [204 Cal.Rptr. 62]. There, the plaintiffs failed to respond to a defense request for admissions on all issues in the case, which resulted in all issues being deemed admitted by operation of law. (*Id.* at p. 769.) The trial court denied the plaintiffs' request for relief from the deemed admissions. The defendants filed a motion for summary judgment based on the deemed admissions. Before the hearing on the summary judgment motion, the plaintiffs had the court clerk enter a dismissal without prejudice. The trial court nevertheless granted summary judgment in favor of the defendants. The appellate court affirmed, concluding that the plaintiffs' right to a voluntary dismissal terminated upon notification by defendants of the deemed admissions. (*Id.* at pp. 769-770.) The plaintiffs' right to voluntary dismissal conflicted with the defendants' right to have the deemed admissions. The deemed admissions effectively disposed of the entire case and thus cut off the plaintiff's right to voluntary dismissal under section 581. (157 Cal.App.3d pp. 769-770.) Unlike *Miller,* here there was no preexisting entitlement of defendant at the point in time when plaintiff dismissed the case.

Defendant also cites *Cravens* v. *State Bd. of Equalization* (1997) 52 Cal.App.4th 253 [60 Cal.Rptr.2d 436]. There, the defendant filed a motion for summary judgment. The plaintiff did not file any opposition but instead, one day before the hearing on the motion, had a dismissal without prejudice entered by the court clerk. The trial court nevertheless granted summary judgment in favor of the defendant. The appellate court affirmed, concluding that under the circumstances of the case, the entry of summary judgment was a mere formality, because the summary judgment statute gives the trial court discretion to grant summary judgment based on the absence of opposition, and the record showed the moving papers sufficed to entitle the defendant to summary judgment. Thus, the plaintiff's right to voluntary dismissal was cut off before formal decision on the summary judgment motion. Here, decision on the section 425.16 motion was not a mere formality. Hence, *Cravens* does not assist defendant in the case before us.

Defendant also cites *Hartbrodt* v. *Burke* (1996) 42 Cal.App.4th 168 [49 Cal.Rptr.2d 562] (*Hartbrodt*). There, a discovery order required the plaintiff to produce a tape to the defendant within 30 days. The plaintiff disobeyed the order and refused to turn over the tape. The defendants moved for terminating sanctions, asking the court to dismiss the case with prejudice as a sanction under the discovery statutes. Before the hearing on the motion, the

plaintiff requested a dismissal without prejudice. The trial court rejected the request and granted the defense motion for a dismissal with prejudice as a terminating sanction. The appellate court affirmed. The bulk of the opinion addressed discovery issues. As to the matter of voluntary dismissal, the appellate court quickly concluded that allowing the plaintiff to dismiss without prejudice would defeat the court's power to enforce its discovery orders. (*Id.* at p. 175.) This consideration is not at issue in the case before us, where there is no preexisting court ruling or order which could be viewed as entitling the defendant to a final disposition of the case.

Moreover, *Hartbrodt* cited only *M & R Properties* v. *Thomson, supra,* 11 Cal.App.4th 899 (*M & R Properties*), as holding that a plaintiff cannot defeat a defendant's right to obtain a determination on the merits by simply filing a voluntary dismissal when statutory authority entitles the defense to a final judgment. (*Hartbrodt, supra,* 42 Cal.App.4th at p. 176.) However, in *M & R Properties*, there *was* a ruling on the defense motion that was pending at the time of the plaintiff's purported dismissal. There, the defendants moved to dismiss the case for failure to bring it to trial within five years. The trial court issued a tentative ruling granting the motion. The plaintiffs did not request a hearing within the time allotted but instead dismissed the case without prejudice. The trial court vacated the plaintiffs' dismissal and entered an order of involuntary dismissal. The appellate court affirmed. It first determined that, when the plaintiffs failed to request a hearing within the time allotted, the tentative ruling became a formal ruling determining the rights of the parties. (*M & R Properties, supra,* 11 Cal.App.4th at p. 901.) The court concluded that where there was a conflict between the plaintiffs' right to voluntary dismissal and the defendants' right to mandatory dismissal, the defendants' right was stronger, and a "plaintiff's right to seek a voluntary dismissal is cut off by a ruling granting a defendant's motion to dismiss the action for lack of prosecution." (*Id.* at p. 902.)

Thus, *M & R Properties* does not assist defendant in the case before us, because here the record fails to show any ruling on the section 425.16 motion at the time plaintiff filed his voluntary dismissal. (See fn. 2, *ante.*)

Defendant also cites *Mary Morgan, Inc.* v. *Melzark* (1996) 49 Cal.App.4th 765 [57 Cal.Rptr.2d 4] (*Mary Morgan*). There, the defendants separately filed motions for summary judgment. The trial court issued a tentative ruling granting the motions. (*Id.* at p. 768.) A hearing was held, during which the trial court granted the plaintiff's request for a continuance to submit additional evidence. Instead of submitting additional evidence, however, the plaintiff filed with the court clerk a request for dismissal of the case without prejudice. (*Ibid.*) The trial court ordered plaintiff's request for dismissal

stricken and entered summary judgment in favor of the defendants. (*Ibid.*) The appellate court affirmed, concluding the plaintiff could not dismiss a case without prejudice after an adverse tentative ruling on defense summary judgment motions and after hearing on the motions commenced and was continued for the express and exclusive purpose of permitting the plaintiff to produce evidence on the summary judgment motions. (*Id.* at pp. 770-772.) "Logic and fairness dictate that the right of a plaintiff to voluntarily dismiss an action before the commencement of trial is restricted not only by statutory limitations and judicial constructions of the phrase 'commencement of trial'; it is also limited by the dismissal procedure's conjunction with other judicial procedures. The interrelationship between various provisions of the Code of Civil Procedure must be considered when interpreting any one provision so that statutory harmony is achieved. [Citations.] . . . [¶] . . . [¶] We will not eviscerate the summary judgment procedure by permitting a plaintiff to voluntarily dismiss his or her action after commencement of a summary judgment hearing and continuation for the express and exclusive purpose of permitting the plaintiff an opportunity to present opposition evidence. The court correctly determined that appellant was not entitled to dismiss its action without prejudice and reassert the same allegations that it could not, or would not, defend when challenged by respondents' summary judgment motions." (*Id.* at pp. 771-772.)

Thus, *Mary Morgan* expressly looked beyond statutory limitations and judicial constructions of section 581. We need not decide whether this approach is proper. Suffice it to say that in this case there was no similar manipulation by the plaintiff, delaying a court ruling on a defense motion in order to sneak in a voluntary dismissal. Allowing voluntary dismissal in the case before us does not offend notions of justice or respect for the judicial process. Plaintiff acknowledges that he remains subject to a court order requiring him to pay defendant's attorney's fees under section 425.16, despite his dismissal of the case. Thus, we do not find *Mary Morgan* controlling.[11]

Defendant cites our opinion in *Cal-Vada Aircraft, supra,* 179 Cal.App.3d 435. We there said: " '[I]t should . . . be clear that an action is not subject

---

[11]We note the *Mary Morgan* court was offended by suggestions in a treatise that a plaintiff who senses an impending adverse ruling could ask for leave to file additional points and authorities in order to obtain time to dismiss the case voluntarily. (49 Cal.App.4th at pp. 769-770, citing Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1996).) That text has been removed from the treatise, which now expresses agreement with the view that the pendency of a dispositive motion cuts off the right to dismiss, though the treatise acknowledges that cases espousing that view appear to ignore *Wells, supra,* 29 Cal.3d 781, and *Datner* v. *Mann Theatres Corp., supra,* 145 Cal.App.3d 768. (3 Weil & Brown, Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1998) ¶ 11:25.20, p. 11-13.)

to dismissal where issues of law leading to its final determination have been submitted . . . . The essential thing is that the action be *brought to a stage where final disposition is to be made of it*.' [Citation.] Thus, while [the California Supreme Court] has not construed the nature of partial summary adjudication in context with the voluntary dismissal statute, it has held plaintiffs are barred from dismissal when a question of law which leads to the final determination, i.e., which will effectively dispose of the case, has been heard and determined accordingly." (*Cal-Vada Aircraft, supra,* 179 Cal.App.3d at pp. 443-444, original italics, quoting *Berri* v. *Superior Court* (1955) 43 Cal.2d 856, 859-860 [279 P.2d 8] [plaintiff could not voluntarily dismiss after demurrer was sustained without leave to amend, though no judgment entered yet].) Defendant argues that after the hearing, the matter was at a stage where final disposition was to be made of it, hence cutting off plaintiff's right to voluntary dismissal. However, we made this statement in *Cal-Vada Aircraft* in the context of deciding that an order granting summary adjudication as to some but not all issues in the case did not effectively dispose of the entire case, hence did not cut off the plaintiff's right to voluntary dismissal. Indeed, other comments in *Cal-Vada Aircraft* suggest the cutoff point for voluntary dismissal is the court's *decision* determining a dispositive question of law. (*Cal-Vada Aircraft, supra,* 179 Cal.App.3d at pp. 443, 444.) Thus, *Cal-Vada Aircraft* does not support defendant's position.

Defendant cites *Kelley* v. *Bredelis* (1996) 45 Cal.App.4th 1819 [53 Cal.Rptr.2d 536]. There, the plaintiffs filed a request for trial de novo following an adverse arbitration award. Two weeks before trial, the plaintiffs filed a request for dismissal with prejudice. The defendant moved to vacate the request for trial de novo and enter judgment on the arbitration award. The trial court granted the defense motions. The appellate court affirmed, holding the plaintiffs' request for dismissal of the case two weeks before trial constituted a repudiation of their request for a trial de novo and warranted the reinstatement of the arbitration award. Given the strong public policy favoring arbitration, the court saw no reason to allow a dissatisfied party to render the entire arbitration proceeding a judicial nullity by the simple procedural tactic of requesting a trial de novo, and then dismissing that request. (*Id.* at pp. 1826-1827.) That the dismissal was with prejudice made no difference. (*Id.* at p. 1827.) Here, no similar insult to the judicial system occurs.

Defendant argues that upholding plaintiff's voluntary dismissal frustrates the purpose of section 425.16, because it forces defendant to litigate whether she has secured a favorable termination for purposes of her separate malicious prosecution suit against plaintiff. However, even assuming for the sake of argument that defendant will face an increased burden in her malicious

prosecution suit, defendant cites no authority indicating that the purpose of section 425.16 is to assist defendants when they switch roles and become plaintiffs seeking damages for malicious prosecution. The purposes of section 425.16 are adequately served by the defensive remedies provided in that statute—striking the complaint and awarding attorney's fees and costs to the defendant.

Defendant also argues that upholding plaintiff's voluntary dismissal frustrates the purpose of section 425.16, because it forces her to "re-litigate" the issue of whether she is entitled to recover her attorney's fees and costs, whereas such an award is automatic where the court rules in defendant's favor on a section 425.16 motion. (§ 425.16, subdivision (c).)[12] However, as we explain *post*, we do not require relitigation of the fee/cost award.

We conclude plaintiff's voluntary dismissal was valid, hence the trial court lacked jurisdiction to strike the complaint.

## IV

We shall now consider and affirm the trial court's award of attorney's fees and costs to defendant.

Section 425.16, subdivision (c), footnote 12, *ante*, provides, "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

The December 17, 1997, order which is the subject of this appeal, stated, "the court determines that each cause of action of the First Amended Complaint arises from acts of Shelly Carmon in furtherance of her right of free speech. The court further determines that it is not probable that plaintiff would prevail if the action were allowed to proceed." The court order, in addition to striking the complaint, also awarded defendant her attorney's fees and costs (without specifying any amount). The record on appeal contains no order concerning the amount. Defendant asserts some undisclosed amount was awarded in June 1998, but she gives no citation to the record and merely refers us to a footnote in her appellate brief which says nothing about this matter.

A few weeks before the filing of plaintiff's opening brief on appeal, the Fourth Appellate District held, "where the plaintiff voluntarily dismisses an

---

[12]Section 425.16, subdivision (c), provides in part: "In any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."

alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under . . . section 425.16, subdivision (c). In making that determination, the critical issue is which party realized its objectives in the litigation. Since the defendant's goal is to make the plaintiff go away with its tail between its legs, ordinarily the prevailing party will be the defendant. The plaintiff, however, may try to show it actually dismissed because it had substantially achieved its goals through a settlement or other means, because the defendant was insolvent, or for other reasons unrelated to the probability of success on the merits." (*Coltrain v. Shewalter, supra,* 66 Cal.App.4th 94, 107 [77 Cal.Rptr.2d 600].) Another case (published between the filing of the respondent's and reply briefs in the appeal before us) disagreed with *Coltrain* concerning the effect of a plaintiff's reasons for voluntary dismissal, pointing out, e.g., that settlement of a SLAPP suit would merely mean that the plaintiff had succeeded chilling the exercise of constitutional rights. (*Moore v. Liu, supra,* 69 Cal.App.4th 745, 752 [81 Cal.Rptr.2d 807].) *Moore* nevertheless agreed "a plaintiff's voluntary dismissal of a suit, after a section 425.16 motion to strike has been filed, neither automatically precludes a court from awarding a defendant attorney's fees and costs under that section, nor automatically requires such an award." (*Moore v. Liu, supra,* 69 Cal.App.4th at p. 753.) Under *Moore,* ". . . the trial court's adjudication of the merits of a defendant's motion to strike is an essential predicate to ruling on the defendant's request for an award of fees and costs. An award of these expenses under section 425.16 is only justified when a defendant demonstrates that plaintiff's action falls within the provisions of subdivision (b) and the plaintiff is unable to establish a reasonable probability of success." (*Id.* at p. 752.)

Plaintiff's opening brief on appeal did not mention *Coltrain.* Defendant's brief cited *Coltrain* as requiring relitigation of the attorney's fee/cost award. Plaintiff in his reply brief, citing *Coltrain* and the newly filed *Moore,* agreed the matter should be remanded for reconsideration as to whether an award of attorney's fees and costs is appropriate.

However, we see no need for remand in this case. In *Coltrain,* the defendants filed the section 425.16 motion, the plaintiffs voluntarily dismissed the case, and as a result the original section 425.16 motion was never ruled on. (*Coltrain v. Shewalter, supra,* 66 Cal.App.4th at p. 100.) However, the defendants then filed a motion for attorney's fees under section 425.16. After a hearing, the trial court granted the motion. (66 Cal.App.4th at p. 100.) The appellate court affirmed, concluding that upon the plaintiffs' voluntary dismissal, a presumption arose that defendants were the prevailing parties, and plaintiffs presented no evidence dispelling the presumption. (*Id.*

at p. 107.) The sole reason for the dismissal argued on appeal was that plaintiffs ran out of money. (*Ibid.*) The appellate court said no evidence supported this claim and, even if true, it merely showed the plaintiffs filed an action they could not afford to win, which arguably proved the case was a pure SLAPP suit.[13] (*Id.* at pp. 107-108.) In *Moore*, the trial court declined to reach the merits of the section 425.16 motion because of the voluntary dismissal. The appellate court reversed and remanded for adjudication of the merits of the section 425.16 motion as a predicate for a fee/cost award.

Here, the trial court conducted a hearing and adjudicated the merits of the section 425.16 motion. The court order reflects the court determined the complaint arose from the exercise of free speech rights, and it was not probable that plaintiff would prevail. On appeal, plaintiff does not propose any conceivable circumstance that would justify denial of a fee and cost award to defendant. He does not suggest that, if given the opportunity on remand, he could show his voluntary dismissal was motivated by some reason unrelated to the pending section 425.16 motion.

We conclude the trial court's adjudication of the merits of the section 425.16 motion supports affirmance of the award of attorney's fees and costs to defendant, without the need for remand.

### DISPOSITION

The December 17, 1997, order is reversed insofar as it strikes the complaint, but affirmed insofar as it awards attorney's fees and costs to defendant. Defendant shall recover her costs on appeal.

Davis, J., and Raye, J., concurred.

---

[13]We have no need to express our opinion on this point.