Opinion
McINTYRE, J.
Marie Wilkerson, Avecita Mucino, Vanessa Ayala, and Planned Parenthood of San Diego and Riverside Counties (collectively Planned Parenthood) filed an action for injunctive relief and compensatory damages against Sylvia Sullivan and others, to prevent or limit anti-abortion demonstrations on and near Planned Parenthood’s facilities. After the trial court issued a temporary restraining order against several of the named defendants, Sullivan successfully moved to strike the complaint under Code of Civil Procedure section 425.16, the anti-SLAPP statute (hereafter section 425.16), and was awarded $11,113.50 in attorney fees incurred in bringing the motion.
Planned Parenthood filed separate notices of appeal from the two rulings, but dismissed the appeal before filing opening briefs. Thereafter, Sullivan sought to recover $12,825.50 in attorney fees incurred in connection with the appeal, the enforcement of the prior attorney fee award and the preparation of the motion itself.
The superior court issued a tentative ruling granting Sullivan $8,392.50 in attorney fees for work done in connection with the appeal and collection efforts. However, after entertaining oral argument, the court reversed course, denying the motion on the ground that it could not determine which party would have prevailed on appeal. It also indicated that, even if Sullivan was presumptively entitled to recover fees, Planned Parenthood had made a sufficient showing of reasons, other than the probability of success on the merits, for the dismissal of the appeal. The court’s final ruling did not address Sullivan’s request for fees incurred for enforcement of the earlier fee award.
*446 Sullivan appeals the order denying her fee motion. She contends that she was the “prevailing party” in the action and thus entitled to recover fees incurred in connection with the appeal under section 425.16, subdivision (c). She also contends that, even if she is not entitled to recover fees on the appeal, she is entitled to fees incurred to collect the initial attorney fee award.
We conclude that Sullivan is entitled to recover attorney fees reasonably incurred in defending against the appeal and thus reverse the trial court’s order and remand the matter for further proceedings.
Discussion
Section 425.16 permits a defendant to seek court dismissal of a SLAPP complaint, which is defined as a nonmeritorious action brought “against a person arising from any act of that person in furtherance of the person’s right of petition or free speech under the United States or California Constitution in connection with a public issue.” (Id., subd. (b)(1); see Dowling v. Zimmerman (2001) 85 Cal.App.4th 1400, 1414 [103 Cal.Rptr.2d 174].) To prevail on an anti-SLAPP motion, the defendant must make an initial prima facie showing that the plaintiff’s suit arises from an act in furtherance of the defendant’s right of petition or free speech. (Dowling, at p. 1417.) If this burden is met, the plaintiff must establish a reasonable probability he or she will prevail on the merits. (Ibid.)
Under section 425.16, subdivision (c), a defendant who prevails on an anti-SLAPP motion to strike is entitled to recover his or her attorney fees. The statute is broadly construed so as to effectuate the legislative purpose of reimbursing the prevailing defendant for expenses incurred in extricating herself from a baseless lawsuit. (Id., subd. (a); Robertson v. Rodriguez (1995) 36 Cal.App.4th 347, 362 [42 Cal.Rptr.2d 464].)
Where a plaintiff dismisses an action while an anti-SLAPP motion is pending, the defendant may nonetheless be entitled to recover attorney fees. (Kyle v. Carmon (1999) 71 Cal.App.4th 901, 918 [84 Cal.Rptr.2d 303] (Kyle); Liu v. Moore (1999) 69 Cal.App.4th 745, 752-753 [81 Cal.Rptr.2d 807] (Liu); Coltrain v. Shewalter (1998) 66 Cal.App.4th 94, 106-107 [77 Cal.Rptr.2d 600] (Coltrain).) Coltrain, the first published case to address the recoverability of fees in this context, held that notwithstanding a dismissal of the action, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of awarding attorney fees, based on a determination of which party realized its objectives in the litigation. The court suggested that although the defendant would ordinarily be the prevailing party for purposes of recovering attorney fees, the plaintiff could avoid *447 liability for fees based on a showing that it dismissed the action for reasons unrelated to the probability of success on the merits. (Coltrain, at p. 107.)
Although agreeing that a defendant may recover fees even if the plaintiff dismisses the action before the anti-SLAPP motion is heard, Liu rejected the Coltrain court’s creation of a presumption that the defendant is the prevailing party. Rather, it concluded that, notwithstanding the dismissal of the action, the trial court must proceed to determine the merits of the pending motion to strike and conclude that the plaintiff’s action was a SLAPP suit before awarding attorney fees to the defendant. (Liu, supra, 69 Cal.App.4th at p. 752.) The court reasoned that a determination of the anti-SLAPP motion on its merits was a necessary predicate to an award of fees under section 425.16 because otherwise the plaintiff’s dismissal could have effects contrary to the legislative purpose behind the statute, to wit, (1) depriving a true SLAPP defendant of fees to which he was statutorily entitled or (2) granting a defendant the right to fees in a non-SLAPP action that was dismissed by the plaintiff for entirely legitimate reasons. (Liu, at pp. 752-753.)
Relying on these authorities, Planned Parenthood argues that because it did not pursue its appeal, there is no basis for determining who would have prevailed and thus fees cannot be awarded under section 425.16. Alternatively, it contends that pursuant to the analysis of Coltrain, the trial court had discretion to deny the motion for fees based on its counsel’s statements at oral argument that it had dismissed the appeal for reasons unrelated to the merits of Planned Parenthood’s claims.
However, Planned Parenthood’s reliance on Kyle, Liu, and Coltrain is misplaced. A plaintiff’s voluntary dismissal of an appeal from an order granting an anti-SLAPP motion (and awarding attorney fees) stands on different footing than the voluntary dismissal of an action with an antiSLAPP motion pending. In the former circumstance, the trial court has ruled on the motion to strike on the merits and concluded that the action was a SLAPP suit, thus entitling the defendant to recover attorney fees in connection with the motion. The dismissal of an appeal from the trial court’s determination leaves intact the judicial finding that the action was a SLAPP suit (Code Civ. Proc., § 913; Conservatorship of Oliver (1961) 192 Cal.App.2d 832, 836-837 [13 Cal.Rptr. 695]), which in turn entitles the defendant to recover fees under section 425.16. (See Kyle, supra, 71 Cal.App.4th at p. 919.)
Planned Parenthood also argues that Sullivan cannot recover her attorney fees on appeal because section 425.16 only allows for the recovery of fees *448 and costs incurred in connection with the anti-SLAPP motion itself. (Lafayette Morehouse, Inc. v. Chronicle Publishing Co. (1995) 39 Cal.App.4th 1379, 1383-1384 [46 Cal.Rptr.2d 542].) However, the courts have consistently interpreted section 425.16 to authorize the recovery of attorney fees and costs incurred in defending against an unsuccessful appeal from an order granting the anti-SLAPP motion. (E.g., Rosenaur v. Scherer (2001) 88 Cal.App.4th 260 [105 Cal.Rptr.2d 674] and cases cited therein; see generally Morcos v. Board of Retirement (1990) 51 Cal.3d 924, 927-930 [275 Cal.Rptr. 187, 800 P.2d 543].) We discern no reason for denying a recovery of attorney fees and costs on appeal simply because the plaintiff decides not to pursue the appeal to final determination.
The legislative purpose underlying section 425.16 is to alleviate SLAPP suits by requiring a plaintiff to reimburse a prevailing defendant for expenses incurred in extricating himself or herself from a baseless lawsuit. (Id., subd. (a); Robertson v. Rodriguez, supra, 36 Cal.App.4th at p. 362.) That purpose is not served if the SLAPP plaintiff can file an appeal and require the defendant to incur fees and costs in defense of the appeal, but then avoid any liability for those fees and costs by dismissing the appeal prior to final determination. For example, if Planned Parenthood had dismissed this appeal after full briefing but before decision, the legislative purpose of section 425.16 would support Sullivan’s entitlement to recover fees incurred in defending the appeal even though the appeal was not resolved on its merits. We discern no basis in the statutory language or the cases awarding fees thereunder for concluding that a dismissal of the appeal before briefing deserves different treatment.
For the foregoing reasons, we conclude that Sullivan is entitled to recover attorney fees reasonably incurred in connection with the appeal. The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. (Church of Scientology v. Wollersheim (1996) 42 Cal.App.4th 628, 659 [49 Cal.Rptr.2d 620].) The court may also consider whether the amount requested is based upon unnecessary or duplicative work. (Ibid.)
We remand this matter for a determination of what fees Sullivan reasonably incurred in connection with the dismissed appeal. Similarly, as the court did not rule on Sullivan’s request to recover attorney fees incurred in attempting to collect the initial attorney fee award, consideration of this matter on remand is also appropriate. (See Mount Olympus Property Owners Assn. v. Shpirt (1997) 59 Cal.App.4th 885, 896 [69 Cal.Rptr.2d 521].)
*449 Disposition
The order denying Sullivan’s motion for attorney fees is reversed and the matter is remanded for a determination of the merits of Sullivan’s attorney fee requests. Sullivan shall recover her costs and attorney fees on appeal.
Nares, Acting P. J., and McDonald, J., concurred.