Filed 4/18/23  Viani v. Fair Oaks Estates CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| MIRANDA VIANI et al., | C094672 |
| Plaintiffs and Appellants, | (Super. Ct. No. 34-2020-00280046-CU-PO-GDS) |
| v. | |
| FAIR OAKS ESTATES, INC., | |
| Defendant and Respondent. | |

Plaintiffs Miranda Viani et al., appeal from their own voluntary dismissal of the entire action without prejudice, entered after the court granted summary adjudication on two out of three causes of action alleged in the first amended complaint.  We conclude that a voluntary dismissal without prejudice is not a final judgment appealable on the merits, and therefore must dismiss the appeal.

PROCEDURAL BACKGROUND

We only briefly summarize the procedural history because a detailed recitation of the facts is unnecessary to our resolution of this appeal.

1

On June 2, 2020, plaintiffs commenced this action by filing a complaint against defendant Fair Oaks Estates, Inc. (Fair Oaks Estates). On November 9, 2020, plaintiffs filed their first amended complaint.

The first amended complaint alleges claims against Fair Oaks Estates arising out of the injury and resulting death of Debra Baker (the decedent), a resident at the Fair Oaks Estates senior assisted living facility. Specifically, the amended complaint alleges that on July 17, 2019, nine days after checking into the assisted living facility, the decedent suffered a fracture to her right leg while being transferred by one of the facility's employees. The complaint alleges that the fracture caused the decedent's health to suddenly deteriorate, resulting in her death eight days later, on July 25, 2019. The amended complaint alleges three causes of action against Fair Oaks Estates: for negligence, breach of contract, and wrongful death.

On February 24, 2021, Fair Oaks Estates filed a motion for summary judgment or, in the alternative, summary adjudication. The motion argued that plaintiffs could not show that defendant's conduct caused or contributed to the decedent's death. In support of the motion, Fair Oaks Estates submitted the declaration of Gary W. Steinke, M.D.

Plaintiffs opposed the motion for summary judgment/adjudication. Plaintiffs argued that (1) Dr. Steinke's expert declaration was legally insufficient to shift the burden to plaintiffs to demonstrate a triable issue of material fact; (2) even if Dr. Steinke's declaration was sufficient, plaintiffs presented a competing expert declaration sufficient to raise a triable issue of material fact. To rebut Dr. Steinke's opinion, plaintiffs offered the declaration of Jay V. Solnick, M.D., Ph.D.

Before the hearing, the trial court issued a tentative ruling granting summary adjudication on the first (negligence) and third (wrongful death) causes of action, denying summary adjudication on the second (breach of contract) cause of action, and denying summary judgment. The court reasoned that the declaration of Dr. Steinke carried defendant's initial burden to negate plaintiffs' claim that the purported negligence or

2

wrongful conduct of staff caused decedent's death. Plaintiffs' expert, in contrast, failed to adequately explain the grounds for his opinion. The court therefore concluded that plaintiffs failed to meet their burden to show that a triable issue of material fact existed.

The court heard argument on May 20, 2021, took the matter under submission and affirmed its tentative ruling the next day. On June 10, 2021, the court signed a formal order granting defendant's motion for summary adjudication of the first and third causes of action.

On June 17, 2021, plaintiffs filed a motion pursuant to Code of Civil Procedure section 473[1] seeking relief from the summary adjudication order based on their own counsel's failure to submit proper evidentiary objections and an adequate expert declaration. Fair Oaks Estates filed an opposition and the trial court issued a tentative ruling denying the section 473 motion. Plaintiffs did not request oral argument and the trial court affirmed its tentative ruling on July 20, 2021.

On July 28, 2021, plaintiffs filed a request for dismissal without prejudice, not just of the second cause of action for breach of contract, but of the "[e]ntire action . . . and all causes of action." The clerk entered the dismissal the same day. On August 3, 2021, Fair Oaks Estates filed and served notice of entry of the June 10 order granting partial summary adjudication.

On August 17, 2021, plaintiffs filed a notice of appeal of the "judgment and dismissal" entered on July 28, 2021.

DISCUSSION

I

*Appealability*

Plaintiffs purport to appeal, not from a final judgment, but from their voluntary dismissal "without prejudice" of the "[e]ntire action of all parties and all causes of

---

[1]     Undesignated statutory references are to the Code of Civil Procedure.

3

action" entered by the clerk on July 28, 2021. In light of this unique procedural posture, we requested and received supplemental briefing from the parties addressing the issues of appealability and mootness.

In its supplemental brief, Fair Oaks Estates argues that plaintiffs' voluntary dismissal without prejudice means either that (1) there is no appealable judgment; or (2) the appeal is moot. Plaintiffs contend the dismissal had the legal effect of an appealable judgment and did not render this appeal moot. Alternatively, they argue that this court has the authority to amend the dismissal to apply only to the contract cause of action on which summary adjudication was denied. We agree with Fair Oaks Estates that the effect of plaintiffs' decision to voluntarily dismiss the entire action without prejudice is that we lack jurisdiction to hear this appeal.

"The existence of an appealable judgment is a jurisdictional prerequisite to an appeal. A reviewing court must raise the issue on its own initiative whenever a doubt exists as to whether the trial court has entered a final judgment or other order or judgment made appealable by [] section 904.1. [Citations.]" (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126-127.) "Generally, orders granting summary adjudication are interlocutory orders and, as such, are not appealable[, but] they may be reviewed on appeal from a final judgment entered thereafter." (*Angelica Textile Services, Inc. v. Park* (2013) 220 Cal.App.4th 495, 503.)

Here, plaintiffs—apparently attempting to produce a final, appealable judgment— voluntarily dismissed not just the second cause of action, which remained after summary adjudication was granted only as to the first and third causes of action, but the "[e]ntire action of all parties and all causes of action" under section 581.[2] Section 581 allows a

---

[2] Fair Oaks Estates argues that plaintiffs were barred from voluntarily dismissing the first and third causes of action by the trial court's summary adjudication ruling, but we disagree. We previously held in *Cal-Vada Aircraft v. Superior Court* (1986) 179 Cal.App.3d 435 that summary adjudication of some, but not all, causes of action alleged

4

plaintiff to voluntarily dismiss an action, with or without prejudice, at any time before the actual commencement of trial.  (§ 581, subds. (b)(2), (c).)  A voluntary dismissal by a clerk without prejudice is not an appealable judgment.  (*H. D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1365; *Gassner v. Stasa* (2018) 30 Cal.App.5th 346, 354.)

By voluntarily dismissing the action without prejudice, plaintiffs deprived this court of jurisdiction to hear this appeal.  Therefore, we must dismiss the appeal.  (*Stolz v. Wong Communications Limited Partnership* (1994) 25 Cal.App.4th 1811, 1816.)

DISPOSITION

The appeal is dismissed.  Fair Oaks Estates shall recover its costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

                                                     \_\_\_\_\_KRAUSE_____, J.

We concur:

\_\_\_\_\_DUARTE\_\_\_\_\_, Acting P. J.

\_\_\_\_\_EARL_____, J.

---

in a complaint does not constitute "commencement of trial" for purposes of section 581.  (*Id.* at pp. 443-447; accord, *Kyle v. Carmon* (1999) 71 Cal.App.4th 901, 915; *Gogri v. Jack in the Box Inc.* (2008) 166 Cal.App.4th 255, 269.)  Thus, a plaintiff's right to voluntarily dismiss an entire action is not terminated by an order granting partial summary adjudication.  (*Kyle, supra*, at p. 915.)